IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Howard R. Tallman

In re:

SVS HOLDINGS, INC.,

EIN: 26-1850120,

      Debtor.

Case No. 10-24238-HRT

Chapter 11

### APPLICATION BY DEBTOR TO APPROVE (I) EMPLOYMENT OF HOROWITZ & BURNETT, P.C. AS ITS BANKRUPTCY COUNSEL; AND (II) PREPETITION RETAINER

SVS Holdings, Inc., the debtor and debtor in possession (the "**Debtor**"), pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014 and Local Bankruptcy Rule 2014-1, moves for entry of an Order approving (i) its employment of Horowitz & Burnett, P.C. (the "**Firm**") as its bankruptcy counsel, *nunc pro tunc* to June 8, 2010, the Debtor's petition date (the "**Petition Date**"); and (ii) the Firm's prepetition retainer in the remaining amount of $23,033 (the "**Retainer**"). The following grounds support this Application:

    1.    On June 8, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor, a Delaware corporation, continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108, which is generally as a holding company of its wholly owned subsidiary, Sequoia Voting Systems, Inc., a voting machine manufacturer and servicer.

    2.    The Debtor believes that the Firm is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

3. The professional services for which the Debtor desires to employ the Firm include, without limitation, the following:

    a. providing legal advice to the Debtor with respect to its powers and duties as a debtor in possession and the continued management of its business operations;

    b. advising the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

    c. preparing motions, pleadings, orders, applications, complaints, and other legal documents necessary in the administration of the case;

    d. protecting the interests of the Debtor in all matters pending before the Court; and

    e. representing the Debtor negotiate with its creditors to prepare a plan of reorganization or other exit plan.

4. The Debtor believes that the Firm possesses expertise in the areas of law relevant to this case and that it is qualified to represent the Debtor herein.

5. The terms of the Firm's employment shall be as follows:

    a. Subject to the approval of this Court, and in accordance with 11 U.S.C. §§ 328 and 330 and Fed. R. Bankr. P. 2014, certain of the Firm's attorneys and legal assistants will undertake the representation of the Debtor at their respective customary hourly rates. The current hourly rates for the attorneys and paralegal who may be expected to work on this case are: (i) Bart B. Burnett, $360/hr; (ii) Kevin S. Neiman, $290/hr; and (iii) Debra Howell, $90/hr.

    b. Except as otherwise ordered by the Court, the Firm will file with this Court interim applications for the allowance of compensation expended and for reimbursement of

expenses incurred pursuant to 11 U.S.C. § 331, no more frequently than each 120 days from after the Petition Date, except that the Firm may seek final allowance of its compensation at the conclusion of its service to the Debtor pursuant to 11 U.S.C. §§ 328 and 330.

6. To the best of the Debtor's knowledge, the Firm does not hold or represent any interest adverse to the Debtor's estate and is disinterested as required by 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, as more specifically set forth in the *Affidavit of Proposed Attorney for Debtor*, a copy of which is **Exhibit A** hereto. In this Affidavit, the Firm advises that it had, prepetition, represented Jack Blaine, individually, from March 2010 to June 8, 2010. Mr. Blaine is a shareholder of the Debtor. In addition, prepetition he was an officer of the Debtor, but resigned prior to the Debtor's bankruptcy filing. Further, prepetition he was, and remains, one of the Debtor's three directors. Mr. Blaine is also an unsecured creditor of the Debtor. Contemporaneous with the Debtor's retention of the Firm on June 8, 2010, the Firm and Mr. Blaine terminated their attorney-client relationship. Also on June 8, 2010, the Debtor and Mr. Blaine each waived in writing any potential or actual conflicts of interest that may arise out of the Firm's prior representation of Mr. Blaine.

7. On June 8, 2010, the Debtor's wholly owned subsidiary, Sequoia Voting Systems, Inc., funded a fee and cost retainer in favor of the Firm in the amount of $25,000. The aggregate prepetition amount charged against the $25,000 retainer was $1,967 ($928 in fees and the $1,039 filing fee). Consequently, as of the Petition Date, the Firm holds $23,033 in its trust account. The Firm seeks approval of the Retainer.

WHEREFORE, the Debtor respectfully requests the Court to enter an Order (i) approving the employment of the Firm as bankruptcy counsel for the Debtor, *nunc pro tunc* to the Petition Date; (ii) approving the Retainer; and (iii) for such other and further relief that the Court deems

appropriate, pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014 and Local Bankruptcy Rule 214.

Dated this 14th day of June, 2010.

                SVS HOLDINGS, INC.

                By: _____
                      Kevin Hurst, CEO

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via regular U.S. mail, first class postage prepaid, upon the parties and counsel on the attached Service List this ____ day of June, 2010.

                *s/Debra J. Howell*
                Debra J. Howell,
                Legal Assistant to Kevin S. Neiman

```
Label Matrix for local noticing          Colorado Department Of Revenue       (p)INTERNAL REVENUE SERVICE
1082-1                                   1375 Sherman St.                     CENTRALIZED INSOLVENCY OPERATIONS
Case 10-24238-HRT                        Room 504                             PO BOX 21126
District of Colorado                     Attention Bankruptcy Unit            PHILADELPHIA PA 19114-0326
Denver                                   Denver CO 80261-0001
Tue Jun 15 15:35:27 MDT 2010

Jack Blaine                              Jeffrey P. Bialos                    Lars Fuller
717 17th St, Suite 310                   Sutherland Asbill & Brennan LLP      Baker & Hostetler LLP
Denver, CO 80202-3310                    1275 Pennsylvania Avenue, NW         303 East 17th Avenue
                                         Washington, DC 20004-2415            Suite 1100
                                                                              Denver, CO 80203-1264


Kevin S. Neiman                          SVS Holdings, Inc.                   Securities and Exchange Commission
1660 Lincoln St.                         717 17th St.                         Midwest Regional Office
Ste. 1900                                Suite 310                            175 W. Jackson Blvd.
Denver, CO 80264-1901                    Denver, CO 80202-3310                Ste. 900
                                                                              Chicago IL 60604-2815


Security & Exchange Commission           Sequoia Voting Systems, Inc.         Smartmatic Corporation
Central Regional Office                  717 17th St, Suite 310               1001 Broken Sound Parkway, Suite D
1801 California St.                      Denver, CO 80202-3310                Boca Raton, FL 33487-3532
Ste. 1500
Denver CO 80202-2656


US Trustee
999 18th St.
Ste. 1551
Denver, CO 80202-2415
```

           The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
           by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114
```

           The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


```
(u)Howard R Tallman                      End of Label Matrix
                                         Mailable recipients     12
                                         Bypassed recipients      1
                                         Total                   13
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Howard R. Tallman

In re:

SVS HOLDINGS, INC.,

EIN: 26-1850120,

    Debtor.

Case No. 10-24238-HRT

Chapter 11

## AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR

STATE OF COLORADO    )
                     ) ss
COUNTY OF DENVER     )

Kevin S. Neiman, being duly sworn, says:

1. I am an attorney admitted to practice in the State of Colorado and the United States District Court for the District of Colorado and qualified to practice in the United States Bankruptcy Court for the District of Colorado.

2. I am employed by the law firm Horowitz & Burnett, P.C. (the "**Firm**") with offices located at 1660 Lincoln Street, Suite 1900, Denver, CO 80264.

3. The Firm has been retained to represent the debtor, SVS Holdings, Inc. (the "**Debtor**"), in connection with this instant case. The Firm has agreed to provide legal services to the Debtor on an hourly basis. The current hourly rates for the attorneys and paralegal who may be expected to work on this case are: (i) Bart B. Burnett, $360/hr; (ii) Kevin S. Neiman, $290/hr; and (iii) Debra Howell, $90/hr.

4. Neither I nor the Firm represent any interest adverse to the Debtor, or the estate and we are disinterested persons as required under 11 U.S.C. § 327(a).

5.  Except as stated herein, other than the Firm's recent retention, neither I nor the Firm has any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee as required by Fed. R. Bankr. P. 2014.

6.  Neither I nor the Firm has or will represent any other entity in connection with this case and neither I nor the Firm accepted, or will accept, any fee from any other party or parties in this case.

7.  Prepetition, the Firm represented Jack Blaine, individually, from March 2010 to June 8, 2010. Mr. Blaine is a shareholder of the Debtor. In addition, prepetition he was an officer of the Debtor, but resigned prior to the Debtor's bankruptcy filing. Further, prepetition he was, and remains, one of the Debtor's three directors. Mr. Blaine is also an unsecured creditor of the Debtor. Contemporaneous with the Debtor's retention of the Firm on June 8, 2010, the Firm and Mr. Blaine terminated their attorney-client relationship. Also on June 8, 2010, the Debtor and Mr. Blaine each waived in writing any potential or actual conflicts of interest that may arise out of the Firm's prior representation of Mr. Blaine.

8.  On June 8, 2010, the Debtor's wholly owned subsidiary, Sequoia Voting Systems, Inc., funded a fee and cost retainer in favor of the Firm in the amount of $25,000. The aggregate prepetition amount charged against the $25,000 retainer was $1,967 ($928 in fees and $1,039 in

filing fee). Consequently, as of the June 8th petition date, the Firm holds $23,033 in its trust account.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Kevin S. Neiman

STATE OF COLORADO    )
                     ) ss
COUNTY OF DENVER     )

SWORN to and subscribed before me this 16th day of June, 2010.

NOTARY PUBLIC
Sign _Debra D. Howell_
Print _Debra J. Howell_

State of Colorado
My Commission Expires: 10/6/13