## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-24238 HRT |
| SVS HOLDINGS, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

### <u>SECOND</u> EX PARTE MOTION FOR AUTHORIZATION TO CONDUCT RULE 2004 EXAMINATION OF SEQUOIA VOTING SYSTEMS, INC.

Smartmatic Corporation ("Smartmatic"), a creditor in the above-captioned bankruptcy case, files its <u>Second</u> Ex Parte Motion for Authorization to Conduct Rule 2004 Examination of Sequoia Voting Systems, Inc., a wholly owned subsidiary of SVS Holdings, Inc. (the "Motion") and states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), as this matter concerns the administration of a debtor's estate.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### INTRODUCTORY STATEMENT

3.      On June 8, 2010, (the "Petition Date") SVS Holdings, Inc. ("SVS Holdings" or the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor currently operates as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.      On June 17, 2010, Smartmatic filed its Ex Parte Motion for Authorization to Conduct Rule 2004 Examination of SVS Holdings, Inc. and Sequoia Voting Systems, Inc. [Docket no. 12] The Court granted the Motion by order entered on June 18, 2010. [Docket no. 18]

5.      As a result of a typographical error, Smartmatic did not include a request for documents reflecting communications between Sequoia and its creditors concerning the amount owed during the year prior to SVS Holdings' bankruptcy petition. In order to avoid any confusion about the scope of Smartmatic's request, it seeks to serve a second subpoena on Sequoia that is limited to accounts payable ledgers and communications with creditors holding claims in excess of $100,000. In addition, Smartmatic seeks information relating to debts owed by Sequoia, including monthly accounts payable reports, for the period July 1, 2009 to the present.

{00828265 / 1}

6.      Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Smartmatic is entitled to serve an additional subpoena on Sequoia that includes the production of documents specified on the attached Document Request, **Exhibit A**.  The requested information directly relates to the property, conduct, liabilities and financial condition of the Debtor, and other matters affecting the administration of the Debtor's estate.   In this regard, the transactions conducted by Sequoia are highly probative in circumstances where, as here, Sequoia is the Debtor's only asset of significant value, the Debtor wholly controls Sequoia through common senior management and the obligations of the Debtor to Smartmatic under the Note Agreement are conditioned upon the performance and transactions undertaken by Sequoia.

7.      More specifically, Smartmatic seeks to inquire into the financial activity of the Debtor and its wholly owned subsidiary, Sequoia, in the year leading up to the Petition Date.

## DISCUSSION

8.      Rule 2004 of the Bankruptcy Rules provides that "[o]n motion of any party in interest, the court may order the examination of any entity" relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  FED. R. BANKR. P. 2004(a)-(b).

9.      This Motion seeks authorization to conduct an examination of Sequoia that is limited to accounts payable and communications with certain creditors over a limited period of time.  Such information falls squarely within the scope of a permissible Rule 2004 examination.

10.     Therefore, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, service of a limited document request on Sequoia is warranted because it directly relates to the property, conduct, liabilities, and financial condition of the Debtor, and other matters affecting the administration of the Debtor's estate.

WHEREFORE, Smartmatic respectfully requests that this Court enter an Order authorizing Smartmatic to serve a subpoena on Sequoia requiring production of the documents described in the Document Request attached as Exhibit A; and granting such further relief as the Court deems just.

2

{00828265 / 1}

Respectfully submitted this 12th day of August, 2010.

ROTHGERBER JOHNSON & LYONS LLP

*/s/ Brent R. Cohen*
Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO   80202-5839
Tel:      (303) 623-9000
Fax:      (303) 623-9222
E-mail:   bcohen@rothgeber.com
          ccaby@rothgerber.com
—and—

SUTHERLAND ASBILL & BRENNAN LLP
Richard G. Murphy, Jr. (*pro hac vice* pending)
Jeffrey P. Bialos (*pro hac vice* pending)
Mark Sherrill (*pro hac vice* pending)
1275 Pennsylvania Ave., NW
Washington, DC 20004
Tel:      (202) 383-0100
Fax:      (202) 637-3593

*COUNSEL FOR SMARTMATIC CORPORATION*

{00828265 / 1}

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2010, a true and correct copy of the foregoing *EX PARTE* MOTION FOR AUTHORIZATION TO CONDUCT RULE 2004 EXAMINATION OF SVS HOLDINGS, INC. was mailed by depositing the same in the United States mail, first-class postage prepaid, addressed to the following:

> Kevin S. Neiman
> 1660 Lincoln Street, Suite 1900
> Denver, CO  80264
>
> SVS Holdings, Inc.
> 717 17th Street, suite 310
> Denver, CO  80202
>
> U.S. Trustee
> 999 18th Street, suite 1551
> Denver, CO  80202

*/s/ Carol Ealey*
OF:  Rothgerber Johnson & Lyons LLP

4

{00828265 / 1}

**EXHIBIT A**
**DOCUMENT REQUEST**

## <u>DEFINITIONS</u>

1.      "Sequoia" refers to Sequoia Voting Systems, Inc. as an entity separate from SVS Holdings.

2.      "Document" and/or "documents" means any writing or other form of record (including any writing or data stored on electronic storage devices) within the scope of the word "document" as that term is used in Rule 26 of the Federal Rules of Civil Procedure (as incorporated by FED. R. BANKR. P. 7026) and includes (without limitation) all types of written, typed, printed, recorded or graphic material, however produced or reproduced, of any kind and description, and whether an original, master, duplicate or copy, including (but not limited to) papers, notes of conversations, contracts, electronic mail, computer files, agreements, drawings, telegrams, tape recordings, communications, letters, memoranda, handwritten notes, reports, studies, working papers, corporate records, minutes of meetings (including board or committee meetings), notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, notes or records of meetings or conferences, or things similar to any of the foregoing, including any data, information or statistics contained within any data storage modules, tapes, discs, or other memory device, or other information retrievable from storage systems, including (but not limited) to computer generated reports and print-outs or data compilations from which information can be obtained and translated, if necessary.  Any copy containing (or having attached) any alterations, notes, comments, or other materials not included in the originals or copies referred to in the preceding sentence shall be deemed a separate document within the foregoing definition.

3.      "Relating to" means discussing, describing, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in conjunction with, evidencing, setting forth, considering, recommending, or constituting, in whole or in part.

4.      "Person" means, without limitation, natural persons and individuals; sole proprietorships; limited liability companies; general and limited partnerships; profit and non-profit corporations; unincorporated associations; or any other legal or governmental entity, organization or body of any type whatsoever; as well as agents, employees, or instrumentalities of such entities.

5.      The term "Communication" means, without limitation, any correspondence, memoranda, voice mail, e-mail, contact, discussion, or other kind of written, oral, or electronic exchange between two or more persons, including, but not limited to, all telephone conversations, face-to-face conversations, meetings, visits, and conferences.

1

{00828265 / 1}

## **INSTRUCTIONS**

A.     Each request shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.  Any request propounded in the singular shall also be read as if propounded in the plural and vice versa.  Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

B.     The documents responsive to these requests shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the enumerated categories in this request.  If produced as kept in the usual course of business, all documents (other than electronically stored information) shall be produced with a copy of the file folder (if any) in which the documents are kept or maintained.

C.     If Sequoia objects to the production of any document sought by these document requests, whether in whole or in part, on the grounds of the attorney-client privilege, work product immunity, or other privilege or immunity, as much of the document concerned as to which no claim of privilege or immunity is made shall be produced.  With respect to documents or portions of documents for which a claim of privilege or immunity is made, state the following for each document:

(i)     a description of the type of document withheld from production (*e.g.*, memorandum, letter, e-mail);

(ii)     the date shown on the document;

(iii)     the author of the document and, if applicable, the name of the person(s) to whom it was addressed and/or to whom it was copied;

(iv)     a general description of the subject matter of the document that is sufficiently specific to permit a fair evaluation of the merits of Sequoia's reasons for not producing the document; and

(v)     the reason the document was withheld from production.

D.     If any document responsive to these requests has been lost, destroyed, or otherwise disposed of, such document is to be identified as completely as possible, including the following information:  contents; author(s); recipient(s); sender(s); copied recipient(s) (indicated or blind); date prepared and received; date of disposal; manner of disposition; person(s) last in possession of the document; and person(s) disposing of the document.

E.     Unless otherwise specified in an individual Document Request, the scope of the documents requested herein shall be limited to the three years preceding the Petition Date.

{00828265 / 1}

## DOCUMENT REQUESTS

**Request No. 1:**    All Documents that reflect any debt owed by Sequoia to any Person, including monthly accounts payable reports for Sequoia, for the period from July 1, 2009 to the present.

**Request No. 2:**    All Documents that reflect any Communications between Sequoia and any of its creditors with claims equal to or exceeding $100,000 concerning amounts owed which took place at any time from July 1, 2009 to the present.

{00828265 / 1}