IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Howard R. Tallman

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SVS HOLDINGS, INC., | ) | Case No. 10-24238-HRT |
| | ) | |
| EIN: 26-1850120, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION BY DEBTOR'S COUNSEL FOR
APPROVAL OF POSTPETITION RETAINER**

Horowitz & Burnett, P.C. (the "**Firm**"), bankruptcy counsel for debtor and debtor-in-possession SVS Holdings, Inc. (the "**Debtor**"), moves for approval of a $15,000 postpetition retainer (the "**Retainer**"), pursuant to 11 U.S.C. § 328.  The following grounds support this Motion:

**I.    GENERAL BACKGROUND**

1.    On June 8, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the U.S. Code.

2.    On June 16, 2010, the Debtor applied the Court to approve its employment of the Firm and the Firm's $23,033 prepetition retainer (the "**Retention Application**") [DE 9].  In the Retention Application and related affidavit, the Firm disclosed that the source of the prepetition retainer was the Debtor's wholly-owned subsidiary Sequoia Voting Systems, Inc. ("**Sequoia**").

3.    On July 8, 2010, the Court entered an Order approving the Retention Application [DE 24].

4.    Since the Petition Date, the Debtor – with the assistance of the Firm – has, among

other things, attended the initial debtor interview, § 341 meeting, and Court's status conference; drafted and timely filed its schedules, statement of financial affairs, equity list, and corporate resolution, as well as all of its monthly operating reports; and attended to written discovery issued by Smartmatic Corporation, the Debtor's largest creditor.

5. While representing the Debtor in these tasks, through March 31, 2011, the Firm has billed $24,560, about $1,500 more than the retainer balance (which remains in trust and is not presently subject to any fee applications).

6. Last week, the Firm learned that Smartmatic intends to depose the Debtor's C.E.O., Kevin Hurst. The deposition is presently scheduled for May 17, 2011. Smartmatic also intends to depose other former officers of the Debtor.

7. In order to cover the attorneys' fees and costs the Firm expects to incur related to Mr. Hurst's deposition and other miscellaneous foreseeable tasks to be undertaken, such as continuing to prepare and file the monthly operating reports and perhaps attending other depositions, the Debtor's wholly-owned subsidiary, Sequoia, has agreed to fund the Retainer.

## II.     RELIEF REQUESTED AND BASIS FOR RELIEF

8. The Firm requests that the Court approve the Retainer, pursuant to 11 U.S.C. § 328.

9. In *In re Jefferson Business Ctr. Assocs.*, 135 B.R. 676, 680 (Bankr. D. Colo. 1992), Judge Brooks considered several factors related to whether to authorize a postpetition retainer, including:

> (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the ability of the debtor to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion

of the case should this Court determine that the fees paid to counsel are not justified.

10. Here, all factors favor approval of the Retainer. As for the first two factors, because the Retainer is from a non-Debtor source, there will be no adverse impact on the Debtor's ongoing business operation or ability to reorganize. Regarding the third factor, the Retainer is $15,000, which is reasonable given this is a pending chapter 11 case and when balanced against the services that must be rendered. Fourth, the Firm is experienced and able in matters of this kind, and has a reputation commensurate with such experience and ability. In this regard, undersigned counsel has been practicing corporate bankruptcy law since 1996. And fifth, the Firm has the ability to disgorge the Retainer if the Court determines that it is not justified, and will not draw against the Retainer prior to allowance of compensation by the Court. *See also In re Truong*, 259 B.R. 264, 267-68 (Bankr. D.N.J. 2001) (embracing *Jefferson* framework, and finding that facts of that case meet *Jefferson* criteria).

WHEREFORE, the Firm requests that the Court consider this Motion and thereupon enter an Order approving the Retainer, pursuant to 11 U.S.C. § 328; and for such other and further relief that the Court deems proper.

Dated this 12th day of April, 2011.

HOROWITZ & BURNETT, P.C.

*s/ Kevin S. Neiman*
Kevin S. Neiman, # 36560
1660 Lincoln Street, Suite 1900
Denver, CO 80264
Telephone:   (303) 996-8600
Fax:              (303) 996-8637
E-mail:         kneiman@hblegal.net

*Attorneys for SVS Holdings, Inc.*