IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Howard R. Tallman

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SVS HOLDINGS, INC. | ) | Case No. 10-24238-HRT |
| | ) | |
| EIN: 26-1850120, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**FIRST INTERIM APPLICATION BY HOROWITZ & BURNETT, P.C. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Horowitz & Burnett, P.C. ("**HB**"), bankruptcy counsel for SVS Holdings, Inc., the debtor and debtor in possession (the "**Debtor**"), applies for an aggregate interim award in the amount of $26,461.08, which amount consists of legal fees in the amount of $26,355, for services rendered from June 8, 2010 through May 31, 2011 (the "**Application Period**"), and reimbursement for actual and necessary expenses in the amount of $106.08 incurred by HB during the Application Period, pursuant to 11 U.S.C. §§ 328, 330, 331 and 503(b), Federal Rule of Bankruptcy Procedure 2016, and L.B.R. 2016-1, and in accordance with U.S. Department of Justice, Executive Office for United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "**Guidelines**"). In support of this Application, HB respectfully represents as follows:

**I.    RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION**

1.    The Debtor commenced this case on June 8, 2010 (the "**Petition Date**") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    By Order dated July 8, 2010, the Court authorized the Debtor to retain HB, *nunc pro tunc* to the Petition Date, and also approved a retainer in the amount of $23,033 [DN 24].

3.    By Order dated May 13, 2011, the Court authorized HB's receipt of a postpetition retainer in the amount of $15,000 [DN 61].

4.    Thus, presently HB is holding in trust $38,033.

## II. TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

5. HB was retained to represent the Debtor and agreed to provide legal services to the Debtor on an hourly basis. The hourly rates for the attorney and paralegals who worked on this case are: (i) Kevin S. Neiman, $290/hour; (ii) Debra Howell, $90/hour; and (iii) Trulee Hoy, $80/hour. The biographical information for undersigned counsel is **Exhibit A** hereto.

6. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between HB and any other firm, person or entity for the sharing or division of any compensation paid or payable to HB.

## III. CASE STATUS

7. The Debtor is a holding company for its wholly-owned subsidiary, Sequoia Voting Systems, Inc. ("**Sequoia**").

8. Sequoia is in the process of liquidating and otherwise winding up. Sequoia is negotiating with its remaining creditors, attempting to resolve all outstanding claims and make a distribution to the Debtor in its capacity as Sequoia's equity holder.

9. The Debtor has not filed a plan of reorganization or disclosure statement, but is contemplating filing them in September 2011. All quarterly fees have been paid to the United States Trustee, and all monthly operating reports have been filed. HB incorporates by reference the most recent monthly operating report for the Debtor's financial condition as of May 31, 2011 [DN 67].

## IV. SERVICES RENDERED

10. To provide the Court and parties in interest with understandable information concerning the amount and nature of HB's services during the Application Period, HB has classified its services into five categories of services, which invoices are separate exhibits to this Application.

11. All of the services for which compensation is requested were services which, in HB's judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such services. All time described in the exhibits represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys and paralegals of HB who rendered the described services. The tables following the matter descriptions set forth the name(s), applicable billing rate(s) and actual time spent by each HB attorney and paralegal with respect to such matters.

### Exhibit B – Case Administration

12. **Exhibit B** hereto is a detailed statement of services rendered by HB pertaining to general case administration including meetings, telephone conferences and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon. Such services include drafting and timely filing the Debtor's schedules, statement of financial affairs, equity list, and corporate resolution; communicating with the Debtor's representative and the Debtor's creditors; attending the initial debtor interview; reviewing and causing the filing and service of the Debtor's monthly operating reports; causing the Debtor to comply with the Guidelines; and addressing 2004 examinations sought by Smartmatic Corporation, the Debtor's largest creditor.

| Professional and Paraprofessional | Hourly Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Kevin S. Neiman | 290.00 | 77.4 | $22,446.00 |
| Debra Howell | 90.00 | 1.1 | 99.00 |
| Trulee Hoy | 80.00 | 0.5 | 40.00 |
| TOTAL | | 89.0 | $22,585.00 |

### Exhibit C – Claims Administration

13. **Exhibit C** hereto is a detailed statement of services rendered by HB pertaining to reviewing proofs of claim filed by one purported creditor and communications related to same.

| Professional | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Kevin S. Neiman | 290.00 | 0.4 | $116.00 |
| TOTAL | | 0.4 | $116.00 |

### Exhibit D – Fee/Employment Applications

14. **Exhibit D** hereto is a detailed statement of services rendered by HB pertaining to the employment and/or compensation of professionals in the Debtor's case. Such services concern HB's retention and approval of the postpetition retainer.

| Professional and Paraprofessional | Hourly Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Kevin S. Neiman | 290.00 | 6.3 | $1,827.00 |
| Debra Howell | 90.00 | 0.7 | 63.00 |
| Trulee Hoy | 80.00 | 0.3 | 24.00 |
| TOTAL | | 7.3 | $1,914.00 |

### Exhibit E – Meeting of Creditors

15.     **Exhibit E** hereto is a detailed statement of services rendered by HB pertaining to the Debtor's § 341 meeting of creditors.

| Professional | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Kevin S. Neiman | 290.00 | 5.9 | $1,711.00 |
| TOTAL | | 5.9 | $1,711.00 |

### Exhibit F – Plan and Disclosure Statement

16.     **Exhibit F** hereto is a detailed statement of services rendered by HB pertaining to the Debtor's exclusivity deadline.

| Professional | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Kevin S. Neiman | 290.00 | 0.1 | $29.00 |
| TOTAL | | 0.1 | $29.00 |

### V.     EXPENSES INCURRED

17.     All expenses for which reimbursement is requested are expenses that HB customarily seeks to recoup from its clients, and are actually borne by HB and were necessarily incurred in connection with this case.  The specific expenses for which reimbursement is requested during the Application Period are:

| | |
|---|---|
| Postage | $30.68 |
| Pacer | N/A |
| Photocopy | 75.40 |
| Courier | N/A |
| TOTAL | $106.08 |

### VI.    EVALUATION OF SERVICES RENDERED: *JOHNSON* CONSIDERATIONS

18.     HB believes that the requested fee of $26,355 for 102.7 hours worked is reasonable considering the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), adopted by the Tenth Circuit in *First Nat'l Bank of Lea County v. Niccum (In re Permian Anchor Servs., Inc.)*, 649 F.2d 763, 768 (10th Cir. 1981).  A discussion of such factors and their respective applicability to this case follows:

### Time and Labor Required

19.     The foregoing summary, together with the exhibits attached hereto, detail the time, nature and extent of the professional services HB rendered for the benefit of the Debtor during the

Application Period. The total number of hours expended, 102.7, reveals that HB has, with minimal work, assisted the Debtor operate in compliance with Title 11, the Court's Orders, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines.

### Novelty and Difficulty of the Questions

20. The issues that have arisen in this case during the Application Period have not been novel or particularly difficult. This is reflected in the relatively small amount of time HB has spent during the Application Period rendering services.

### Skill Requisite to Perform Legal Services Properly

21. In rendering services to the Debtor, HB has demonstrated legal skill and expertise in understanding the chapter 11 process and otherwise representing the Debtor's interests in this case.

### Preclusion of Other Employment by Attorney Due to Acceptance of Case

22. HB's representation in this case did not preclude it from accepting other employment.

### Customary Fee

23. The hourly rates of HB's attorneys reflect an hourly rate in relation to that which HB's attorneys typically bill to its clients in other bankruptcy and commercial cases in which client payment is made on a frequent, periodic basis. HB submits that these rates are at least equal to, if not less, than the customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

### Whether Fee is Fixed or Contingent

24. HB's compensation in this matter is subject to approval of the Court and therefore contingent.

### Amount Involved and Results Obtained

25. The amount of fees sought is relatively small for almost one year of work in a chapter 11 case. HB has been cognizant that this case is not, at least to date, a contentious matter, and has undertaken only those tasks that are necessary.

### Time Limitations Imposed by Client or Other Circumstances

26. The time constraints imposed in this case have been ordinary.

### Experience, Reputation and Ability of the Attorneys

27. HB is experienced and able in matters of this kind, and has a reputation commensurate with such experience and ability. In addition, undersigned counsel has been practicing corporate bankruptcy law since 1996 and is, therefore, is experienced in matters of this kind.

### Undesirability of Case

28. This case is desirable, and HB is privileged to have the opportunity to represent the Debtor.

### Nature and Length of Professional Relationship with Client

29. Prepetition, HB represented Jack Blaine, individually, from March 2010 to June 8, 2010. At least prepetition, Mr. Blaine was a shareholder, officer, and director of the Debtor. In addition, he is an unsecured creditor of the Debtor. Contemporaneous with the Debtor's retention of HB on June 8, 2010, HB and Mr. Blaine terminated their attorney-client relationship. Also on June 8, 2010, the Debtor and Mr. Blaine each waived in writing any potential or actual conflicts of interest that may arise out of HB's prior representation of Mr. Blaine.

30. Other than the foregoing, HB has not had any prepetition professional relationships with the Debtor, or any principal, shareholder, or other person associated with the Debtor.

### Awards in Similar Cases

31. The amount requested by HB is reasonable in terms of awards in cases of similar magnitude, complexity, and time constraint. The compensation that HB requests comports with the mandate of Title 11, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. The fee requested by HB, $26,355, reflects an average hourly rate of $256.62 for 102.7 hours of service. The costs that HB seeks reimbursement of were necessarily incurred as a result of this engagement. Such costs are not, therefore, implicit in HB's hourly rates.

### VII. COMPENSATION AND EXPENSES RECEIVED TO DATE

32. No prior fee applications have been filed in this case and no previous orders regarding compensation have been issued by the Court. HB has, thus, not been paid for any services rendered, or expenses incurred, since the Petition Date.

WHEREFORE, HB requests that the Court consider this Application and thereupon enter an aggregate interim award in the amount of $26,461.08, which amount consists of (i) legal fees in the amount of $26,355, for services rendered during the Application Period; (ii) reimbursement for actual and necessary expenses in the amount of $106.08 incurred by HB during the Application Period; and (iii) such other and further relief as the Court deems appropriate.

Dated this 30th day of June, 2011.

               HOROWITZ & BURNETT, P.C.

               *s/ Kevin S. Neiman*
               Kevin S. Neiman, # 36560
               1660 Lincoln Street, Suite 1900
               Denver, CO  80264
               Telephone: (303) 996-8600
               Fax: (303) 996-8637
               E-mail: kneiman@hblegal.net

               *Attorneys for SVS Holdings, Inc.*