# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-24238 HRT |
| SVS HOLDINGS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____) | |
| ) | |
| SMARTMATIC USA CORPORATION, ) | |
| ON BEHALF OF THE CHAPTER 11 ) | |
| ESTATE OF SVS HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. _____ |
| ) | |
| JACK BLAINE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# COMPLAINT

For its Complaint against Jack Blaine (the "Defendant"), Smartmatic USA Corporation ("Smartmatic"), on behalf of the Chapter 11 estate of SVS Holdings, Inc. (the "Plaintiff"), alleges as follows:

## BACKGROUND

1. On September [___], 2012, Smartmatic filed its Motion for Authority and Standing to Prosecute Causes of Action on Behalf of the Debtor or, in the Alternative, for Appointment of a Trustee (the "Motion"). The Court entered an order granting the relief requested in the Motion on [_____], 2012, pursuant to which Smartmatic was

- 1 -

EXHIBIT B

granted standing and authority, among other things, to prosecute, litigate and compromise causes of action belonging to the bankruptcy estate of SVS Holdings, Inc. (the "Debtor") that arise under Chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code") and other applicable law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. The statutory bases for the relief requested in this Complaint are 11 U.S.C. §§ 502(d), 544, 547, 548 and 550 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL ALLEGATIONS

6. On June 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 10-24238 HRT.

7. Defendant is a resident of Florida, with an address of 920 Greensward Lane, Delray Beach, Florida 33445. From time to time, Defendant also resides in Colorado at 475 West 12th Avenue, Unit 7A, Denver, Colorado 80204.

8. At all times relevant to this Complaint, Defendant was an officer and director of the Debtor. As such, Defendant was an "insider" of the Debtor under section 101(31)(B) of the Bankruptcy Code.

9. On or within one year before the Petition Date (the "Preference Period"), the Debtor made one or more transfers of an interest in the Debtor's property totaling not less than the amounts set forth on Exhibit 1, or $306,047.00 in the aggregate, consisting of the payments to or for the benefit of Defendant on the dates and in the amounts set forth on Exhibit 1 (the transfers identified on Exhibit 1, together with all other transfers to or for the benefit of Defendant of property in which the Debtor has or had an interest are collectively referred to as the "Transfers").[1]

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS – 11 U.S.C. § 547

10. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 9 above, as though fully set forth at length herein.

11. All of the Transfers were transfers of property, or an interest in property, of the Debtor.

12. The Transfers were made by the Debtor to or for the benefit of the Defendant.

13. The Transfers were made on or within one year before the Petition Date.

---

[1] Exhibit 1 reflects Plaintiff's current knowledge of the transfers made to Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn, through discovery or otherwise, of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all Transfers, whether identified on Exhibit 1 or not.

- 3 -

14. Defendant was a creditor of the Debtor at the time of each of the Transfers. At the time of each of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

15. The Transfers were each made for or on account of an antecedent debt owed by the Debtor to the Defendant before each of the Transfers were made.

16. The Transfers were made while the Debtor was insolvent. During the Preference Period, the sum of Debtor's debts exceeded the value of its assets. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to be insolvent during the 90 days preceding Petition Date.

17. As of the Petition Date, the Debtor had $1,280,485.92 in assets and $11,376,334.52 in liabilities. Upon information and belief, based on a review of the Debtor's financial statements available to Smartmatic, this balance of assets versus liabilities was roughly the same during the Preference Period.

18. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Debtor's Chapter 11 case was a case under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made and (c) the Defendant had received payment of his debt to the extent provided by the provisions of the Bankruptcy Code.

19. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

20. Accordingly, each of the Transfers should be avoided and set aside as preferential transfers under 11 U.S.C. § 547.

\\NY - 038124/000002 - 2389217 v2

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFERS – 11 U.S.C. § 548

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 above, as though fully set forth at length herein.

22. Each of the Transfers was made within two years before the Petition Date.

23. The Debtor received less than a reasonably equivalent value in exchange for each Transfer.

24. The Transfers were made (a) at a time when the Debtor was engaged or was about to engage in a business and transactions for which the remaining assets of the Debtor were unreasonably small in relation to the business and transactions, (b) at a time when the Debtor intended to incur, or believed or should reasonably have believed that it would incur, debts beyond its ability to pay as they became due, (c) at a time when the Debtor was insolvent or (d) with the result that the Debtor became insolvent as a result of such Transfer(s).

25. Accordingly, each of the Transfers should be avoided and set aside as fraudulent under 11 U.S.C. § 548.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFERS –
## UNIFORM FRAUDULENT TRANSFER ACT AND 11 U.S.C. § 544

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above, as though fully set forth at length herein.

27. The Debtor received less than a reasonably equivalent value in exchange for each Transfer.

28. The Transfers were made (a) at a time when the Debtor was engaged or was about to engage in a business and transactions for which the remaining assets of the Debtor were unreasonably small in relation to the business and transactions, (b) at a time when the Debtor intended to incur, or believed or should reasonably have believed that it would incur, debts beyond their ability to pay as they became due, (c) at a time when the Debtor was insolvent or (d) with the result that the Debtor became insolvent as a result of such Transfer(s).

29. At all times relevant to this Complaint, there were actual creditors of the Debtor with allowable unsecured claims who could avoid the Transfers under applicable state law.

30. Accordingly, each of the Transfers should be avoided and set aside as fraudulent under 11 U.S.C. § 544(b)(1) and applicable law, including but not limited to C.R.S. §§ 38-8-105 and 106 and/or Delaware Code tit. 6, §§ 1304 and 1305.

## COUNT IV
## FOR RECOVERY OF PROPERTY - 11 U.S.C. § 550

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above, as though fully set forth at length herein.

32. Plaintiff is entitled to avoid the Transfers described above and on <u>Exhibit 1</u> pursuant to 11 U.S.C. §§ 544, 547, 548, and/or applicable non-bankruptcy law.

33. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the initial transferee of the Transfers, or the person for whose benefit the Transfers were made.

34. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the sum of the Transfers, plus interest to the date of payment and the costs of this action.

## COUNT V
## DISALLOWANCE OF CLAIM - 11 U.S.C. § 502(d)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 above, as though fully set forth at length herein.

36. Defendant is the transferee of Transfers by the Debtor avoidable under 11 U.S.C. §§ 544, 547, 548 and/or applicable non-bankruptcy law, which are recoverable from Defendant under 11 U.S.C. § 550.

37. Pursuant to 11 U.S.C. § 502(d), in the event that Defendant is liable for any avoidable Transfers, any claims held by the Defendant against the Debtor must be disallowed unless Defendant pays the amount of the Transfers and recoverable property to Plaintiff.

## RESERVATION OF RIGHTS

38. Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendant, on any and all grounds, as allowed under the law or in equity.

WHEREFORE, Plaintiff requests entry of a judgment in its favor against Defendant as follows:

(a)  For avoidance and recovery of the Transfers, or the value thereof;

\\NY - 038124/000002 - 2389217 v2

(b) For disallowance of Defendant's Claims pursuant to 11 U.S.C. § 502(d) unless the amount of the judgments for avoidance of Transfers are paid to Plaintiff;

(c) For pre- and post-petition interest on the amounts owed by Defendant to the full extent allowed under applicable law at the highest legal rate;

(d) For all costs under applicable law; and

(e) For such other and further relief as is just and proper.

DATED: _____, 2012

ROTHGERBER JOHNSON & LYONS LLP

_____
Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
E-mail: bcohen@rothgeber.com
ccaby@rothgerber.com
—and—

HOGAN LOVELLS US LLP
Ira S. Greene
Khang V. Tran
876 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: Ira.Greene@hoganlovells.com
Khang.Tran@hoganlovells.com

*Counsel for Smartmatic USA Corporation*

\\NY - 038124/000002 - 2389217 v2

# EXHIBIT 1

| Date | Amount of Transfer |
|---|---|
| June 2, 2009 | $6,000.00 |
| July 2, 2009 | $6,000.00 |
| August 3, 2009 | $6,000.00 |
| September 2, 2009 | $6,000.00 |
| October 23, 2009 | $30,000.00 |
| October 23, 2009 | $252,047.00 |