# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re | Case No. 10-24238 HRT |
| SVS HOLDINGS, INC. | Chapter 7 |
| Debtor. | |

## APPLICATION TO EMPLOY ROTHGERBER JOHNSON & LYONS LLP AS SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE

Tom H. Connolly, Chapter 7 Trustee (the "Trustee") for the bankruptcy case of SVS Holdings, Inc. (the "Debtor"), requests that the Court enter an order approving the employment of Rothgerber Johnson & Lyons LLP ("RJ&L") pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014(a), as special litigation counsel, effective as of the date of this Motion, and states as follows:

### PROCEDURAL BACKGROUND

1.      On June 8, 2010 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code. On October 16, 2012, the Court entered its Order converting the case to a Chapter 7 proceeding. Thereafter, the Trustee was appointed as interim trustee.

2.      This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      The Trustee seeks to retain RJ&L as special litigation counsel pursuant to Section 327 of the Bankruptcy Code[1], and RJ&L has agreed to serve as special litigation counsel for the Trustee in the above-captioned case.

4.      RJ&L's attorneys are duly admitted to practice before this Court, are experienced in bankruptcy and commercial litigation, and are well qualified to represent the Trustee in this case as described below.

5.      The Trustee requires competent legal counsel to represent him in litigation in the above-captioned bankruptcy case.

## PROFESSIONAL SERVICES TO BE RENDERED BY RJ&L

6.      Professional services to be rendered in this case by RJ&L, as directed by the Trustee, including the following:

(a)      Conducting legal research and factual investigation as to potential claims which may be asserted by the Trustee arising out of certain transactions involving Dominion Voting Systems Corporation and/or Dominion Voting Systems, Inc., including without limitation avoidance claims (but excluding preference claims);

(b)      Preparing and filing pleadings, motions and briefs as are necessary in conjunction with any claims, as directed by the Trustee;

(c)      Conducting discovery and depositions;

(d)      Appearing in court for hearings and trial;

(e)      Representing the Trustee in any settlement negotiations;

(f)      Initiating and defending any appeals; and

(g)      Performing other legal services for the Trustee that may be necessary in connection with the services set forth above.

---

[1]   Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

7.      RJ&L will not represent the Trustee in conducting the case beyond the limited purpose described above.

## RJ&L'S FEE ARRANGEMENT WITH THE TRUSTEE

8.      RJ&L has advised the Trustee that it will charge a reasonable fee for the firm's services, based on the hours worked by its attorneys and the hourly rates of those attorneys, and will further charge for certain expenses, with all fees and expenses of the firm subject to review by this Court in accordance with the provisions of the Bankruptcy Code.  RJ&L further advises:

(a)      RJ&L will calculate fees according to the standard hourly rates for the lawyers involved in the representation.  RJ&L adjusts its rates from time to time, generally in October of each year.  Initially, the hourly rates to be charged by the attorneys at RJ&L are as follows:  Brent R. Cohen (Partner), $435.00, Kristin M. Bronson (Partner) $375.00, David Hyams (Associate), $235.00.  RJ&L's legal assistant hourly rate is $185.00.

(b)      Work is assigned to a particular lawyer at RJ&L based upon the difficulty of the problem and the level of expertise required, familiarity with a particular legal problem, time availability or other reasons.

(c)      RJ&L's fees and expenses will be set forth on periodic invoices prepared in accordance with the guidelines of the United States Trustee and with any specific procedures fixed by the Court in this particular case.

9.      RJ&L intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in its representation of the Trustee in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Colorado, and the orders of this Court.

10.      No promises have been received by RJ&L or by any partner, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

3

11.      Attached hereto as Exhibit 1 is the Verified Statement of Brent R. Cohen, Esq. (A) Pursuant to FED. R. BANKR. P. 2014(a) and (B) in Support of Motion to Retain Rothgerber Johnson & Lyons LLP as Special Litigation Counsel for Trustee (the "Verified Statement").

12.      In the Verified Statement, RJ&L states, pursuant to FED. R. BANKR. P. 2016(b), that it has not shared or agreed to share (i) any compensation which it has received or may receive with another party or person, other than with the counsel and associates of RJ&L, or (ii) any compensation another person or party has received or may receive.

## CONNECTIONS WITH THE DEBTOR, THE TRUSTEE AND OTHER PARTIES

13.      Except as set forth herein, the Trustee is unaware of any connections between RJ&L, the Trustee, the Debtor, and its creditors, other parties in interest, or their respective attorneys and accountants, except the following:

   a.      Smartmatic USA Corporation f/k/a Smartmatic Corporation ("Smartmatic") is the largest creditor in this bankruptcy proceeding. RJ&L has represented Smartmatic since shortly after the Debtor filed its petition and will continue to represent Smartmatic in the underlying bankruptcy proceeding. RJ&L has not represented Smartmatic in any other matter.

   b.      On a least one occasion, RJ&L has represented the Trustee in his capacity as a plan fiduciary in a Chapter 11 proceeding. Such representation concluded in approximately 1998. RJ&L has been adverse to the Trustee in various unrelated matters.

14.      Based upon the Verified Statement, the Trustee believes that RJ&L partners and associates have no connection with the Trustee, the Debtor, any of the Debtor's subsidiaries or affiliates, any creditors of the Debtor, the United States Trustee for this District or any person employed in the United States Trustee's office, or any other party in interest in the Debtor's bankruptcy case, or their respective attorneys and accountants, except as set forth in the Verified Statement.

15.     Except as disclosed in the Verified Statement and in paragraph 13 above, RJ&L (i) does not represent or hold any interest adverse to the Debtor or the estate in the matters upon which it is to be employed or in any other matters, (ii) does not have any connections to the Debtor, the Trustee, the creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as disclosed above, and (iii) is a disinterested person within the meaning of 11 U.S.C. § 101(14).

16.     For purposes of Section 327(c) of the Bankruptcy Code, RJ&L's representation of Smartmatic as a creditor in the Debtor's bankruptcy case does not create an actual conflict of interest with respect to the proposed representation of the Trustee as special litigation counsel. RJ&L does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which RJ&L is to be employed.

**WHEREFORE**, pursuant to 11 U.S.C. § 327, the Trustee requests that he be authorized to employ the law firm of RJ&L to represent him as special litigation counsel it in the above-captioned bankruptcy case and any proceedings related thereto, *nunc pro tunc* November 8, 2012.

DATED: November 8, 2012

**FOSTER GRAHAM MILSTEIN & CALISHER, LLP**

_/s/ Daniel J Garfield_
Daniel J. Garfield, #26054
360 S. Garfield St., 6th Fl.
Denver, Colorado  80209
Tel:  (303) 333-9810
Fax:  (303) 333-9786
dgarfield@fostergraham.com

5

*Proposed attorneys for Chapter 7 Trustee Tom Connolly*

## CERTIFICATE OF MAILING

I hereby certify that on this 8th day of November, 2012, a true and correct copy of the **APPLICATION TO EMPLOY ROTHGERBER JOHNSON & LYONS LLP AS SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE** was sent via U.S. mail, postage prepaid, and properly addressed to the following:

U.S. Trustee
999 18th St., Ste. 1551
Denver, CO 80202

Khang V. Tran
Ira S. Green
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

Brent R. Cohen
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, CO 80202

*/s/ Olga Brusilovskaya*

6

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                                )
                                      )   Case No. 10-24238-HRT
SVS HOLDINGS, INC.,                    )
                                      )   Chapter 7
        Debtor.                        )

---

## VERIFIED STATEMENT OF BRENT R. COHEN (A) PURSUANT TO FED. R. BANKR. P. 2014(a), AND (B) IN SUPPORT OF MOTION TO RETAIN ROTHGERBER JOHNSON & LYONS LLP AS SPECIAL LITIGATION COUNSEL FOR TRUSTEE

---

I, Brent R. Cohen, hereby state as follows:

1.      I am an attorney and counselor at law duly admitted to practice in the State of Colorado and a partner of the law firm of Rothgerber Johnson & Lyons LLP ("RJ&L"). I am authorized to make this statement on behalf of RJ&L.

2.      RJ&L maintains its law offices at 1200 17th Street, Suite 3000, Denver, Colorado 80202-5855.

3.      RJ&L has agreed to provide legal services as special litigation counsel for Tom H. Connolly, Interim Chapter 7 Trustee (the "Trustee") in return for compensation from the estate according to RJ&L's regular hourly rates, subject to this Court's approval pursuant to 11 U.S.C. §§ 330 and 331. Contemporaneously herewith, the Trustee has filed his Motion to Retain Rothgerber Johnson & Lyons as Special Litigation Counsel for Trustee (the "Motion"). RJ&L has advised the Trustee that it will charge a reasonable fee for the firm's services based on the hours worked by its attorneys and the hourly rates of those attorneys, and will further charge for certain expenses, with all fees and expenses of the firm subject to review by this Court in accordance with the provisions of the Bankruptcy Code. RJ&L further advises:

    (a)     RJ&L will calculate fees according to the standard hourly rates for the lawyers involved in the representation. RJ&L's billing rates are subject to change, and they review and adjust them every January 1. Any changes will be reflected in RJ&L's January billing statement. Initially, the hourly rates to be charged by the attorneys at RJ&L are as follows: Brent R. Cohen (Partner), $435.00; Kristin M. Bronson (Partner), $375.00; and David M. Hyams (Associate), $235.00. RJ&L's legal assistant hourly rate is $185.00.

    (b)     Work is assigned to a particular lawyer at RJ&L based upon the difficulty of the problem and the level of expertise required, familiarity with a particular legal problem, time availability, or other reasons.

2003917820_1



(c)     RJ&L's fees and expenses will be set forth on periodic invoices prepared in accordance with the guidelines of the United States Trustee and with any specific procedures fixed by the Court in this particular case.

4.     RJ&L intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with the applicable provisions of the Bankruptcy Code, the Rules of Bankruptcy Procedure, the Local Rules for the District of Colorado, and the orders of this Court.

5.     No promises have been received by RJ&L or by any partner, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

6.     RJ&L further states, pursuant to FED. R. BANKR. P. 2016(b), that it has not shared or agreed to share (i) any compensation which it has received or may receive with another party or person other than with the counsel and associates of RJ&L, or (ii) any compensation with another person or party has received or may receive.

7.     RJ&L has reviewed the current list of creditors of SVS Holdings, Inc. ("SVS"). RJ&L is not aware of any relationship between RJ&L and the Trustee, SVS, its creditors, other parties in interest, or their respective attorneys and accountants, except as follows:

(a)     Smartmatic USA Corporation f/k/a Smartmatic Corporation ("Smartmatic") is the largest creditor in this bankruptcy proceeding. RJ&L has represented Smartmatic since shortly after SVS filed its petition. RJ&L has not represented Smartmatic in any other matter.

(b)     On a least one occasion, RJ&L has represented the Trustee in his capacity as a plan fiduciary in a Chapter 11 proceeding. Such representation concluded in approximately 1998. RJ&L has been adverse to the Trustee in various unrelated matters.

8.     Neither RJ&L, any partner or associate thereof, nor I, insofar as I have been able to ascertain, has any connection with the Trustee, SVS, any of SVS's affiliates, any creditors of the SVS, the United States Trustee for this District or any person employed in the United States Trustee's office, or any other party-in-interest in the bankruptcy proceeding, or their respective attorneys and accountants, except as set forth herein, and except that the firm, its partners and associates and I: (a) may have appeared in the past, and may appear in the future, in unrelated cases or proceedings or otherwise where one or more of the said parties may have been, or may be involved; and (b) may represent or may have represented certain creditors of SVS in matters unrelated to this case.

9.     While RJ&L has undertaken, and continues to undertake, extensive efforts to identify connections with the Trustee, SVS and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should RJ&L, through its

continuing efforts, learn of any new connections of the nature discussed herein, RJ&L will so advise the Court.

10.    RJ&L will not, while employed by the Trustee, represent any other entity having an adverse interest in the matters upon which the Trustee seeks to retain RJ&L during the pendency of this case.

11.    I have read the application of the Trustee for an order approving the retention of RJ&L as special litigation counsel that accompanies this Verified Statement and, to the best of my knowledge, information and belief, the contents of said application are true and correct.

12.    In accordance with sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2016, affiant states that neither affiant nor RJ&L has entered into any agreements, express or implied, with any other party in interest, including the Trustee, any creditor, or any attorney for such party in interest in this case for the purpose of sharing compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, for compensation of any kind in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or for payment of compensation in connection with these cases other than in accordance with the applicable provisions of the Bankruptcy Code. RJ&L intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases and for reimbursement of expenses in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of the Court.

13.    No promises have been received by RJ&L or by any partner, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

14.    To the extent any fees or costs on any prepetition balance incurred by RJ&L are not compensable under current bankruptcy law, RJ&L will waive those fees or costs.

15.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this  th day of November, 2012.

ROTHGERBER JOHNSON & LYONS LLP

/s/ Brent R. Cohen
Brent R. Cohen, No. 11297
1200 17th Street, Suite 3000
Denver, CO   80202-5855
Tel:      (303) 623-9000
Fax:     (303) 623-9222
E-mail:  bcohen@rothgerber.com

*Proposed Counsel for the Trustee*