UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>SVS HOLDINGS, INC.<br><br>Debtor.<br><br>TOM CONNOLLY, Chapter 7 Trustee,<br><br>  Plaintiff,<br><br>v.<br><br>JACK BLAINE<br><br>  Defendant. | Bankruptcy Case No. 10-24238-HRT<br><br>Chapter 7<br><br>Adv. Proc. No. 12-_____-HRT |

**COMPLAINT**

  Plaintiff Tom Connolly, Chapter 7 Trustee (the "Trustee" or "Plaintiff"), pursuant to 11 U.S.C. §§ 502, 547, 548, and 550 and Fed. R. Bankr. P. 3007(b) and 7001(1), submits this Complaint and states as follows:

**PARTIES**

  1. On June 8, 2010 (the "Petition Date"), SVS Holdings, Inc. (the "Debtor") filed its joint voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in Case No. 12-24238-HRT (the "Bankruptcy Case").

  2. October 16, 2012, the Court entered its Order converting the case to a Chapter 7 proceeding.

  3. Plaintiff is the duly appointed Chapter 7 Trustee in the Bankruptcy Case.

  4. Upon information and belief, Defendant Jack Blaine ("Defendant") is an individual residing in the State of Florida with a mailing address of 920 Greensward Lane, Delray, Florida 33445, and from time to time also resides in the state of Colorado at 475 West 12th Ave., Unit 7A, Denver, Colorado 80204.

**JURISDICTION AND VENUE**

  5. This adversary proceeding is brought pursuant to and under Fed. R. Bankr. P. 3007(b) and 7001(1) seeking relief under Bankruptcy Code §§ 502, 544, 547, 548, and 550. This

Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b) and 1334(b).

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

8. At all times relevant to this Complaint, Defendant was an officer and director of the Debtor. As such, Defendant was an "insider" of the Debtor under Bankruptcy Code § 101(31)(B).

9. On or within one year before the Petition Date (the "Preference Period"), the Debtor made one or more transfers of an interest in the Debtor's property for not less than the amounts set forth on Exhibit 1, attached hereto, or $306,047.00 in the aggregate, consisting of the payments to or for the benefit of Defendant on the dates and in the amounts set forth on Exhibit 1 (the transfers identified on Exhibit 1, together with all other transfers to or for the benefit of Defendant of property in which the Debtor has or had an interest are collectively referred to as the "Transfers").[1]

10. The Debtor's Statement of Financial Affairs states that the Transfers were made to Defendant as a creditor and insider of the Debtor.

11. As of the Petition Date, the Debtor had, at most, $1,280,485.92 in assets and, at a minimum, $11,376,334.53 in liabilities. Upon information and belief, based on a review of the Debtor's financial statements, this balance of assets versus liabilities was roughly the same during the Preference Period.

## FIRST CLAIM FOR RELIEF
**(Preference—Bankruptcy Code §§ 547 and 550)**

12. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 10 as though fully set forth herein.

13. The Debtor made the Transfers to or for the benefit of Defendant.

14. The Transfers were for or on account of an antecedent debt owed by the Debtor to Defendant.

15. The Transfers were made while the Debtor was insolvent.

---

[1] Exhibit 1 reflects Plaintiff's current knowledge of the transfers made to Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn, through discovery or otherwise, of additional transfers made to Defendant during the Preference Period. Plaintiff intends to avoid and recover all Transfers, whether identified on Exhibit 1 or not.

2

16. The Transfers enabled Defendant to receive more than he would receive if: (a) the Bankruptcy Case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

17. Plaintiff is entitled to judgment that each of the Transfers is void pursuant to Bankruptcy Code § 547.

18. Plaintiff is entitled to judgment pursuant to Bankruptcy Code § 550 in an amount equal to the Transfers.

## SECOND CLAIM FOR RELIEF
### (In the Alternative)
### (Constructively Fraudulent Transfer—Bankruptcy Code § 548(a)(1)(B))

19. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 10 as though fully set forth herein.

20. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

21. At the time of each Transfer, the Debtor:

   a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction;

   b. Intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due;

   c. The Debtor was insolvent at that time or the Debtor became insolvent as a result of the transfers or obligations; or

   d. Made the Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

22. Accordingly, each of the Transfers should be avoided and set aside as fraudulent under Bankruptcy Code § 548(a)(1)(B), and Plaintiff is entitled to recover them from Defendant pursuant to Bankruptcy Code § 550.

## THIRD CLAIM FOR RELIEF
### (In the Alternative)
### (Intent to Defraud—Bankruptcy Code § 548(a)(1)(A))

23. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 10 as though fully set forth herein.

3

24. The Transfers were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the dates that the Transfers were made, indebted.

25. Accordingly, each of the Transfers should be avoided, set aside as fraudulent under Bankruptcy Code § 548(a)(1)(A), and Plaintiff is entitled to recover them from Defendant pursuant to Bankruptcy Code § 550.

### FOURTH CLAIM FOR RELIEF
### (Objection to Claim due to Fraudulent Transfer—Bankruptcy Code § 502)

26. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 10 as though fully set forth herein.

27. Defendant is the transferee of Transfers by the Debtor avoidable under Bankruptcy Code §§ 547 and 548 and/or applicable non-bankruptcy law, which transfers are recoverable from Defendant under Bankruptcy Code § 550.

28. Pursuant to Bankruptcy Code § 502(d), in the event that Defendant is liable for any avoidable Transfers, any claims held by Defendant against the Debtor must be disallowed unless Defendant pays the amount of the Transfers to Plaintiff.

### RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that he might have against Defendant, on any and all grounds, as allowed under applicable law or rules.

**WHEREFORE**, Plaintiff requests that the Court enter an order granting the following relief:

A. The Transfers are void pursuant to Bankruptcy Code §§ 547 or 548.

B. Plaintiff is entitled to judgment against Defendant pursuant to Bankruptcy Code § 550 in an amount equal to the Transfers.

C. Disallowance of Defendant's claims against the Debtor pursuant to Bankruptcy Code § 502 until the Transfers are paid to Plaintiff.

D. Pre- and post-petition interest, costs, and attorney fees as provided by law;

E. Such other and further relief as the Court deems just and proper.

DATED: November 16, 2012.

        **FOSTER GRAHAM MILSTEIN & CALISHER, LLP**

        */s/ Daniel J. Garfield*
Daniel J. Garfield, #26054
360 S. Garfield St., 6th Fl.
Denver, Colorado 80209
Tel: (303) 333-9810
Fax: (303) 333-9786
dgarfield@fostergraham.com

*Attorneys for Chapter 7 Trustee Tom Connolly*

**EXHIBIT 1**

| Date | Amount of Transfer |
|---|---|
| June 2, 2009 | $6,000.00 |
| July 2, 2009 | $6,000.00 |
| August 3, 2009 | $6,000.00 |
| September 2, 2009 | $6,000.00 |
| October 23, 2009 | $30,000.00 |
| October 23, 2009 | $252,047.00 |