IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| SVS HOLDINGS, INC., ) | Case No. 10-24238 HRT |
|    EIN: 26-1850120 ) | Chapter 7 |
| ) | |
|        *Debtor.* ) | |
| ) | |

**TRUSTEE'S APPLICATION TO EMPLOY PATRICK C. GIEFER AS ACCOUNTANT**
***NUNC PRO TUNC* TO DECEMBER 17, 2012**

      Tom H. Connolly, the Chapter 7 trustee herein ("Trustee"), hereby applies to this Court for authorization to employ Patrick C. Giefer ("Giefer") as accountant for the bankruptcy estate *nunc pro tunc* to December 17, 2012 pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014. In support hereof, Trustee states as follows:

      1.    SVS Holdings, Inc., ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 8, 2010, (the "Petition Date"). Trustee is the duly appointed and acting Chapter 7 trustee of Debtor's bankruptcy estate.

      2.    The Trustee requires the assistance of an accountant to advise him with regard to the financial records of the Debtor, including but not limited preference analysis, forensic accounting, a review of the books and records of the Debtor and Debtor's non-bankruptcy subsidiary, Sequoia Voting Systems, Inc.; and to advise the Trustee on any other issues requiring the assistance of an accountant.

      3.    The Trustee has selected Patrick C. Giefer ("Giefer") because Giefer has the appropriate accounting skills needed to perform the accounting services required by the bankruptcy estate.

      4.    Giefer is willing to perform such services on the behalf of the Trustee and his employment would be in the best interests of the bankruptcy estate.

      5.    Giefer will be the sole accountant in this matter. Giefer's hourly rate will be $120.00.

      6.    Giefer will charge the Trustee a reasonable fee for his services, based on the time spent, the complexity of the issues involved, and the results obtained. Giefer will also charge the Trustee for all reasonable costs and expenses incurred in addition to his reasonable fee. Subject to the supervision and further order of this Court, Giefer will file all necessary fee applications setting forth the services rendered by him to the Trustee and will abide by all other fee procedures of the Bankruptcy Code and this Court.

7. To the best of the knowledge of the Trustee, Giefer is a disinterested person and does not hold or represent an interest adverse to the estate in matters upon which Giefer is to be engaged. Giefer has worked with the Trustee in the past in numerous matters, both in and outside of Bankruptcy Court. Except as listed below, Giefer does not have any connection with Debtor, Debtor's creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Giefer is not a creditor, equity security holder or insider of the Debtor and does not hold or represent an interest adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

8. Giefer was the last full time employee of WinFirst, LLC, a Chapter 11 debtor in this district, for which Connolly, Rosania & Lofstedt, P.C. was Chapter 11 counsel. Following confirmation of the Plan in the WinFirst case, Giefer worked with Connolly as liquidating trustee to implement the Plan. Subsequently, Giefer has been engaged as accountant in numerous cases in which Trustee, Joseph Rosania, Joli A. Lofstedt and/or Connolly, Rosania & Lofstedt has acted as counsel, trustee or liquidating trustee. These cases include Fischer Imaging Corp, Columbine Candy Company, Ricky Donovan Van Vleet, Vail Plaza Development, LLC, and Clearwater Development, Inc. In addition Giefer acts as a contract controller for Aeroturbine Energy Corporation, a private corporation of which Tom Connolly, Trustee herein, is the Chief Executive Officer and the majority shareholder. Giefer regularly uses a desk at the offices of Connolly, Rosania & Lofstedt to carry on his work activity.

8. Attached hereto as **Exhibit A** is the Affidavit of Patrick C. Giefer, which supports the conclusion that Giefer is a disinterested person under 11 U.S.C. §§ 101 and 327 and does not have any disqualifying connection with the Debtor, the Debtor's creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee other than as disclosed in such Affidavit.

**WHEREFORE**, Trustee respectfully requests an order authorizing the employment of Giefer as accountant for the bankruptcy estate, *nunc pro tunc* to December 17, 2012, to be compensated as set forth herein pursuant to the Bankruptcy Code and Rules, and for such other and further relief as the Court deems appropriate.

Dated: December 17, 2012.                Respectfully submitted,

                                         By:   */s/Tom H. Connolly*
                                               Tom H. Connolly, Trustee
                                               950 Spruce Street, Suite 1C
                                               Louisville, CO 80027
                                               (303) 661-9292
                                               (303) 661-9555 – fax
                                               tom@crlpc.com

2

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 17th day of December, 2012, a true and correct copy of the foregoing **TRUSTEE'S APPLICATION TO EMPLOY PATRICK C. GIEFER AS ACCOUNTANT** *NUNC PRO TUNC* **TO DECEMBER 17, 2012** was mailed, U.S. postage prepaid, to the following:

United States Trustee's Office
999 18th Street, Suite 1551
Denver, Co 80202

SVS Holdings, Inc.
PO Box 815
Broomfield, CO 80038

Kevin S. Neiman
1660 Lincoln St.
Ste. 1900
Denver, CO 80264

Chad S. Caby, Esq.
Rothgerber Johnson & Lyons LLP
1200 17th Street, Suite 3000
Denver, CO 80202

*/s/Carrie Urban*
Carrie Urban, Legal Assistant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SVS HOLDINGS, INC., | ) | Case No. 10-24238 HRT |
|     EIN: 26-1850120 | ) | Chapter 7 |
| | ) | |
|               *Debtor*. | ) | |
| | ) | |

**AFFIDAVIT OF PATRICK C. GIEFER IN SUPPORT OF APPLICATION TO EMPLOY
PATRICK C. GIEFER AS ACCOUNTANT**

| | |
|---|---|
| STATE OF COLORADO | ) |
| | ) ss. |
| COUNTY OF BOULDER | ) |

      I, Patrick C. Giefer, being first duly sworn upon my oath, hereby state, depose and affirm the following:

      1.    I am a Certified Public Accountant holding a license issued by the State of Kansas (since leaving KS in 1997 I elected to have my CPA license placed as inactive). I have been employed in Colorado since 1997 and have worked as the corporate controller for Recycling Industries, Inc. (3/1/1997 to 4/30/2000) and Western Integrated Networks LLC ("WIN", 5/15/2000 to 11/25/2003). In November 2003 I was employed as a consultant by the Consolidated WIN Liquidating Trust (the "Trust" the liquidating trust for WIN) providing accounting and consulting services to Tom H. Connolly as the liquidating trustee for the Trust. I am currently self-employed as a finance, accounting and tax consultant with an office location at 888 S. Josephine St., Denver, CO 80209.

      2.    I am a disinterested person under 11 U.S.C. §§ 101 and 327 and do not hold or represent an interest adverse to the debtors-in-possession or the estate in matters upon which I am to be engaged.

      3.    To the best of my knowledge I do not have any connection with the debtor, debtor's creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee except that Tom H. Connolly, Trustee, Joseph G. Rosania, Trustee, and Joli A. Lofstedt, Trustee, are shareholders and partners of Connolly, Rosania and Lofstedt, P.C. and in their capacity as Trustee have employed me as an accountant and consultant in other unrelated bankruptcy cases. I have worked with the Trustee in the past in numerous matters, both in and outside of Bankruptcy Court. Except as listed below, I do not have any connection with Debtor, Debtor's creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

**Exhibit A**

4. I was the last full time employee of WinFirst, LLC, a Chapter 11 debtor in this district, for which Connolly, Rosania & Lofstedt, P.C. was Chapter 11 counsel. Following confirmation of the Plan in the WinFirst case, I worked with Tom Connolly, Trustee herein, as liquidating trustee to implement the Plan. Subsequently, I have been engaged as accountant in numerous cases in which Trustee Connolly, Joseph Rosania, Joli A. Lofstedt and or Connolly, Rosania & Lofstedt has acted as counsel, trustee or liquidating trustee. These cases include Fischer Imaging Corp, Columbine Candy Company, Ricky Donovan Van Vleet, Vail Plaza Development, LLC, and Clearwater Development, Inc. In addition I am a contract controller for Aeroturbine Energy Corporation, a private corporation, of which Tom Connolly, Trustee herein, is the Chief Executive Officer and the majority shareholder. I regularly use a desk at the offices of Connolly, Rosania & Lofstedt to carry on my work activity.

5. I am not a creditor, equity security holder or insider of the debtor and do not hold or represent an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason.

6. The Trustee will be charged for fees and expenses incurred in these proceedings based on the normal rates charged by me for similar clients. I will abide by all fee procedures contained in the Bankruptcy Code and Rules and any additional procedures ordered by this Court.

FURTHER AFFIANT SAYETH NOT.

_____
Patrick C. Giefer, CPA

SUBSCRIBED AND SWORN TO before me this 17th day of December, 2012, by Patrick C. Giefer.

Witness my hand and official seal.

My Commission expires: 7/17/13

_____
Notary Public

My Commission Expires 07/17/2013

2