UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re | Case No. 10-24238 HRT |
| SVS HOLDINGS, INC. | Chapter 7 |
| Debtor. | |

**TRUSTEE'S MOTION FOR AUTHORIZATION TO FILE CHAPTER 11 BANKRUPTCY PETITON FOR NON-DEBTOR SUBSIDIARY**

Tom H. Connolly, Chapter 7 trustee (the "Trustee") for debtor SVS Holdings, Inc. ("SVS"), moves the Court for an order authorizing him to file a voluntary Chapter 11 bankruptcy petition for Sequoia Voting Systems, Inc. ("Sequoia"), the wholly-owned subsidiary of SVS. In support of the motion (the "Motion"), the Trustee states as follows:

### I. Introduction

1. Pursuant to a separate adversary proceeding in SVS's bankruptcy case, the Trustee is prosecuting fraudulent transfer claims involving the sale of Sequoia's assets in 2009 and 2010 and substantive consolidation of SVS and Sequoia. Rather than pursue consolidation through that adversary proceeding, which raises due process, notice, transparency, accountability, and other concerns, the Trustee is seeking authority to file a Chapter 11 bankruptcy petition for Sequoia because, in the view of the Trustee, it is the best way to ensure proper due process for all creditors and parties-in-interest, to properly evaluate and satisfy claims, and to consolidate the entities with proper transparency and court supervision.

2. Prior to consolidation of the two entities, all holders of known claims against Sequoia, including disputed claims, will receive notice and an opportunity to be heard. Moreover, potential claimants against Sequoia will be given an additional period to file claims which will be treated as timely in the consolidated case. Any settlements accomplished by Sequoia after SVS filed, but before Sequoia's bankruptcy will not be undone because consolidation of the two cases would set a petition date for both entities as the 2010 petition date for SVS for purposes of pursuing avoidance actions. In particular, this would ensure that the fraudulent transfer claims involving the sales of Sequoia's assets would not suffer from any statute of limitations problems.

### II. Background

3. SVS was formed in 2007 for the purpose of acquiring Sequoia from Smartmatic USA Corporation ("Smartmatic") in a leveraged buy-out. SVS's sole asset is all of the stock of Sequoia. SVS never conducted any business of its own. Its only function was as a holding company for Sequoia.

4.  Sequoia was incorporated in Delaware in 1990 and was, at the time it was acquired by SVS, engaged in providing electronic voting systems, election technologies, and related support services governmental entities. Between 2007 and 2010, Sequoia ran into financial difficulty and liquidated all of its operating assets in two transactions which are the subject of the Trustee's fraudulent transfer action.

5.  During the period between SVS's acquisition of Sequoia and its bankruptcy, SVS and Sequoia shared the same or substantially the same officers and boards of directors, which, it appears to the Trustee, did not act independently or in the best interests of the separate entities. SVS and Sequoia also shared a single business location and address, operated out of the same bank accounts, and commingled assets and affairs. The Trustee is also informed and believes that intercompany transactions between SVS and Sequoia were often not documented and that SVS and Sequoia did not hold themselves out to the public as separate entities, such that creditors and other parties could not readily distinguish between the two.

6.  On June 8, 2010 (the "Petition Date"), SVS filed a voluntary petition under Chapter 11 here in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court"). Sequoia remained outside of bankruptcy, and the Trustee has so far been unable to determine why Sequoia did not also file its own bankruptcy case. SVS's primary creditor at the time of its filing was and remains Smartmatic for the purchase price of Sequoia and for certain goods and services supplied by Smartmatic after the 2007 purchase by SVS of Sequoia.

7.  The principal dispute in SVS's bankruptcy has been the propriety of SVS's sales of substantially all of the assets of Sequoia to Dominion Voting Systems Corp. and its affiliate Dominion Voting Systems, Inc. (collectively, "Dominion") for a fraction of the price SVS paid when purchasing those same assets from Smartmatic. The sales occurred in 2009 and 2010 and left Sequoia as essentially an empty shell.

8.  No progress was made on resolving the dispute over the fraudulent transfers while SVS was in Chapter 11. So on October 16, 2012, the Court entered its order converting SVS's case to a Chapter 7 case, when the Trustee was appointed. At the time of its conversion, SVS had about $50 in cash, avoidance claims against its former president, claims against its subsidiary Sequoia, and potential claims against Dominion for the alleged fraudulent transfers of the Sequoia assets.

9.  While SVS was in Chapter 11 and before the Trustee was appointed, Sequoia completed the liquidation of its assets and settled many of the obligations it had to parties other than to its parent and Smartmatic. As of the date of this Motion, Sequoia's records show, as best as the Trustee is able to determine at this time, about 18 accounts payable claimants, other than Smartmatic and SVS, and all of those claims are disputed in the approximate amount of $575,000. Sequoia's books also show about $3,200,000 due to SVS, and Smartmatic and its related entities have asserted vendor-related claims against it of approximately $1,450,000. Smartmatic is the largest creditor of both SVS and Sequoia according to the entities' most reliable records. SVS's records show that Smartmatic is owed approximately $9,400,000, out of total debt of at least $11,300,000. Further, SVS has claims against Sequoia that were assigned to it from Jack Blaine, SVS's former president, pursuant to a settlement agreement concerning

2

SVS's avoidance claims against Mr. Blaine. The Trustee has not made a final determination as to the assets and liabilities of either SVS or Sequoia, but he has determined that the majority of proceeds available to creditors would be paid to Smartmatic from both SVS and Sequoia, regardless of whether Sequoia files bankruptcy and regardless of whether the entities are consolidated.

10. On December 7, 2012, the Trustee proceeded with the fraudulent transfer claims against Dominion and filed an adversary proceeding in the Bankruptcy Court in a matter captioned <u>Connolly v. Dominion Voting Sys. Corp., et al.</u>, Adv. Proc. No. 12-1757 HRT (the "<u>Adversary Proceeding</u>"). In the Adversary Proceeding, in addition to the fraudulent transfer claims against Dominion, the Trustee also filed a claim against Dominion to substantively consolidate SVS's bankruptcy estate with the assets and liabilities of Sequoia. The Adversary Proceeding has since been moved to the United States District Court for the District of Colorado after that court withdrew the reference, Case No. 13-cv-00169-REB. That court referred the Adversary Proceeding to the Bankruptcy Court for all pre-trial matters. (Dkt. #27 in the Adversary Proceeding).

11. Smartmatic, pursuant to a funding agreement with the Trustee approved by this Court on December 4, 2012, (Dkt. #150), is providing funds to the SVS bankruptcy estate to pay for attorney fees and costs associated with the Adversary Proceeding.

12. On June 19, 2013, Dominion filed a motion to dismiss the Adversary Proceeding. Dominion argued, among other reasons, that the court could not order the substantive consolidation of Sequoia with SVS because Sequoia is not a party to the Adversary Proceeding and because it is not a debtor in bankruptcy. (Dkt. #28 in the Adversary Proceeding).

13. On November 20, 2013, the Bankruptcy Court entered an Order on Motion to Dismiss in the Adversary Proceeding and held that Sequoia must be a defendant in the Adversary Proceeding in order to substantively consolidate it with SVS, but that the Trustee had leave to file an amended complaint that included such a claim against Sequoia. (Dkt. #53 in the Adversary Proceeding).

14. On December 4, 2013, the Trustee filed an Amended Complaint in the Adversary Proceeding that asserted a claim directly against Sequoia to substantively consolidate SVS's estate with the assets and liabilities of Sequoia. (Dkt. #54 in the Adversary Proceeding). Sequoia's answer to the Complaint is due to be filed by January 6, 2013.

15. Smartmatic is pursuing its own fraudulent transfer action against Dominion, almost identical to the Adversary Proceeding, in its capacity as a creditor of Sequoia. On October 29, 2013, that action was transferred to the United States District Court for the District of Colorado in a case captioned <u>Smartmatic USA Corp. v. Dominion Voting Sys. Corp., et al.</u>, Case No. 1:13-cv-02949-REB-MEH (the "<u>Smartmatic Action</u>"). Discovery in the Smartmatic Action has not yet commenced, and no trial date has been set.

16. The Adversary Proceeding is set for a jury trial in the United States District Court for the District of Colorado on August 4, 2014. Because discovery in the Adversary Proceeding has yet to commence due to Dominion's motion to dismiss, the Trustee anticipates that the

3

current trial date will be continued. Additionally, it is possible that the Adversary Proceeding and the Smartmatic Action will be consolidated and that the Trustee will seek to have Smartmatic proceed with the claims against Dominion for the benefit of SVS and Sequoia.

## II. The Trustee Intends to Seek Substantive Consolidation of SVS with Sequoia Via a Chapter 11 Bankruptcy Filing for Sequoia

17. The Trustee believes that substantive consolidation of the assets and liabilities of SVS and Sequoia is in the best interests of SVS's estate as well as in the best interests of Sequoia's creditors. (The Trustee is not seeking substantive consolidation of the two entities in this Motion, but will do so at a later date with appropriate notice and an opportunity to object.)

18. Based on the Court's conclusions in the Order on Motion to Dismiss in the Adversary Proceeding, the Trustee believes that substantive consolidation of the two entities would be properly effective only if Sequoia were to file its own Chapter 11 case. The Bankruptcy Court could approve substantive consolidation of the two entities only if the creditors and parties-in-interest of both SVS and Sequoia were given notice and an opportunity to participate in any hearing on consolidation, and the Trustee believes that could occur only if both entities are in bankruptcy and both entities and their creditors receive the protections of bankruptcy. Moreover, a Sequoia bankruptcy would result in a 2010 petition date for Sequoia, which would resolve any potential statute of limitation problems and ensure that no parties would be surprised by avoidance claims that would have accrued if there were a 2014 petition date. A Chapter 11 bankruptcy would further result in an orderly resolution of claims against Sequoia with due process and court supervision.

19. The Trustee is authorized under Delaware law to file a bankruptcy petition for Sequoia. On March 11, 2013, SVS, as sole shareholder of Sequoia, executed a Written Unanimous Consent in Lieu of a Meeting of Shareholders, signed by the Trustee. (See Exhibit 1 (the "Sequoia Consent")). In the Sequoia Consent, SVS appointed the Trustee as the sole officer and director of Sequoia. Pursuant to Delaware corporate law, 8 Del. C. § 141(a), the Trustee as Sequoia's sole officer and director is authorized to file its voluntary petition. See In re A-Z Electronics, LLC, 350 B.R. 886, 891 (Bankr. D. Idaho 2006) (Chapter 7 trustee of estate of limited liability company's sole member only person authorized to file company's bankruptcy petition); see also In re Albright, 291 B.R. 538, 541 (Bankr. D. Colo. 2003) (when sole member of single member limited liability company filed bankruptcy, trustee "controls, directly or indirectly, all governance of that entity, including decisions regarding liquidation of the entity's assets.").

20. The Trustee seeks authorization to file a Chapter 11, rather than a Chapter 7, bankruptcy for Sequoia for three reasons. First, the Trustee has been acting as the sole officer and director of Sequoia since soon after his appointment, and he is the person most familiar with its assets, liabilities, financial affairs, and litigation risks. It is in the best interest of both entities and their creditors to ensure continuity in managing the two estates in bankruptcy. Second, the two entities would be consolidated as SVS, with the Trustee remaining as trustee for the consolidated entities. Appointment of a second Chapter 7 trustee would be duplicative and an inefficient use of Sequoia's limited resources. Third, the Trustee envisions employing the law firm of Foster Graham Milstein & Calisher, LLP as counsel for Sequoia; FGMC is the Trustee's

4

bankruptcy counsel (but not in the Adversary Proceeding) and is Sequoia's counsel in the Adversary Proceeding, and employing FGMC as Sequoia's counsel will reduce professional fees and costs for SVS and for Sequoia as FGMC is already familiar with both entities and their financial and legal matters.

21. If any creditor or other party-in-interest asserts either that Sequoia should not be a debtor or should not be consolidated with the Debtor, such parties will have an opportunity to be heard on such issues pursuant to applicable provisions of the Bankruptcy Code. See, e.g., 11 U.S.C. § 1112(b).

22. In addition to serving this motion and a notice pursuant to the applicable bankruptcy rules upon parties-in-interest in this bankruptcy case, the Trustee is serving the motion and notice on creditors and parties-in-interest of Sequoia.

**WHEREFORE**, the Trustee requests that the Court enter an Order authorizing him to file a voluntary Chapter 11 petition for relief for Sequoia and grant such other and further relief as the Court deems just and proper.

DATED: December 27, 2013.

                                                **FOSTER GRAHAM MILSTEIN & CALISHER, LLP**

                                                */s/ Daniel J. Garfield*
                                                Daniel J. Garfield, #26054
                                                360 S. Garfield St., 6th Fl.
                                                Denver, Colorado 80209
                                                Tel: (303) 333-9810
                                                Fax: (303) 333-9786
                                                dgarfield@fostergraham.com

                                                *Attorneys for Chapter 7 Trustee Tom Connolly*

## CERTIFICATE OF MAILING

I hereby certify that on this 27th day of December, 2013, a true and correct copy of the **TRUSTEE'S MOTION FOR AUTHORIZATION TO FILE CHAPTER 11 BANKRUPTCY PETITON FOR NON-DEBTOR SUBSIDIARY** was sent via U.S. mail, postage prepaid, and properly addressed to the following:

SEE ATTACHED

                                                */s/ Olga Brusilovskaya*

State Of New Jersey
Division Of Employer Accounts
PO Box 059
Trenton, NJ 08625-0059

Adecco Employment Services
175 Broadhollow Road
Melville, NY 11747

Anton Collins Mitchell LLP
4999 Pearl East Circle Suite 300
Boulder, CO 80301

Avaya Financial Services
CIT Communications Finance Co.
P.O. Box 550599
Jacksonville, FL 32255-0599

CenturyLink
PO Box 29040
Phoenix, AZ 85038

AFNI, Inc.
PO Box 3517
Bloomington, IL 61702-3517

County Of Riverside, California
Registrar Of Voters Office
2724 Gateway Drive
Riverside, CA 92507

CT Corporation
1675 Broadway Suite 1200
Denver, CO 80202

D3 Technology Solutions
6219 Northstar Ridge Lane
Parker, CO 80134

Davis Graham & Stubbs
1550 17th Street Suite 500
Denver, CO 80202

Fidelity Investments
P.O. Box 73307
Chicago, IL 60673-7307

Harris Miller & Associates
1309 Summerwood Court
McLean, VA 22102

Horowitz & Burnett, P.C.
1660 Lincoln Street, Suite 1900
Denver, CO 80264

Kevin Hurst
63 Chadwick Circle
Eagleville, PA 19403

McLarty Associates
900 17th Street, NW, Suite 800
Washington, DC 20006

Pinnacol Assurance
7501 E. Lowry Blvd.
Denver, CO 80230-7006

Rogers Service Group
245 Clinton Street
Binghamton, NY 13905

RSM McGladrey
3600 American Blvd. West 3rd Floor
Bloomington, MN 55431

Sampson Design
5757 Central Avenue, Suite F
Boulder, CO 80301

Smurfit-Stone
P.O. Box 409813
Atlanta, GA 30384-9813

Sunrise Labs, Inc.
5 Dartmouth Drive
Auburn, NH 03032

United Van Lines
One United Drive
Fenton, MO 63026-1350

Universal Storefront Services Corporatio
711 EDSA
Cubao Quezon City 1109
Philipines,

XO Communications
9201 N. Central Expressway
Dallas, TX 75231

Access Receivables
P.O. Box 9801
Townson, MD 21284-9801

XO Communications
14239 Collections Center Drive
Chicago, IL 60693

XO Communications
8851 Sandy Pkwy
Sandy, UT 84070

Avaya, Inc
c/o RMS Bankruptcy Recovery Services
P.O. Box 5126
Timonium, Maryland 21094-5126

CIT Communications Finance Corporation
aka Avaya Financial Services
1162 E. Sonterra Blvd
San Antonio, TX 78258-4047

Brent R. Cohen
1200 17th St.
Ste. 3000
Denver, CO 80202-5855

Colorado Department Of Revenue
1375 Sherman St.
Room 504
Attention Bankruptcy Unit
Denver CO 80261-3000

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jack Blaine
717 17th St, Suite 310
Denver, CO 80202-3310

Jack Blaine
c/o Christian Onsager, Esq.
Onsager Staelin & Guyerson, LLC
1873 S. Bellaire Ste. 1401
Denver, CO 80222-4359

Jeffrey P. Bialos
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Eric E. Johnson
633 17th St.
Ste. 3000
Denver, CO 80202-3622

Lars Fuller
Baker & Hostetler LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203-1264

Kevin S. Neiman
1660 Lincoln St.
Ste. 1900
Denver, CO 80264-1901

Christian C. Onsager
1873 S. Bellaire St.
Ste. 1401
Denver, CO 80222-4359

Securities and Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd.
Ste. 900
Chicago IL 60604-2815

Security & Exchange Commission
Central Regional Office
1801 California St.
Ste. 1500
Denver CO 80202-2656

Smartmatic Corporation
1001 Broken Sound Parkway, Suite D
Boca Raton, FL 33487-3532

Smartmatic USA Corporation
c/o Ira S. Greene, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022-7222

US Trustee
999 18th St.
Ste. 1551
Denver, CO 80202-2415

# WRITTEN UNANIMOUS CONSENT IN LIEU
# OF A MEETING OF THE SHAREHOLDERS
# OF
## Sequoia Voting Systems, Inc.
### A Corporation Formed Under
### the Laws of the State of Delaware.

THE UNDERSIGNED, representing the sole Shareholder of Sequoia Voting Systems, Inc., a Delaware corporation (the "Corporation"), entitled to vote at a meeting of the Shareholders of the Corporation, hereby unanimously ratify and consent to the following resolutions and activity of the Corporation in lieu of a formal organizational meeting:

### REMOVAL OF CURRENT DIRECTORS AND OFFICERS

RESOLVED, all of the current Officers and Directors are hereby removed from their positions.

### APPOINTING OF DIRECTOR

RESOLVED, following removal of all the current Officers and Directors of the Corporation, that Tom H. Connolly is hereby appointed to serve as Director until his successors are duly elected and qualified.

### APPOINTING OF PRESIDENT AND SOLE OFFICER

RESOLVED, that Tom H. Connolly is hereby appointed to serve as president and sole officer of the Corporation until his successors are duly elected and qualified.

### GENERAL

RESOLVED, that to the extent these resolutions conflict with any prior resolutions or bylaws adopted by the Corporation, these resolutions shall control.

DATED this 11th day of March, 2013.

SHAREHOLDERS:
SVS HOLDINGS, INC.

By: _____
Name: Tom H. Connolly, Chapter 7 Trustee

EXHIBIT 1