## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>SVS HOLDINGS, INC.<br><br>Debtor. | Case No. 10-24238-HRT<br><br>Chapter 7 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DOMINION VOTING SYSTEMS CORPORATION AND DOMINION VOTING SYSTEMS, INC., TO THE TRUSTEE'S MOTION FOR AUTHORIZATION TO FILE CHAPTER 11 BANKRUPTCY PETITION FOR NON-DEBTOR SUBSIDIARY**

### INTRODUCTION

Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. (collectively, "Dominion"), defendants in *Connolly v. Sequoia Voting Systems, Inc., Dominion Voting Systems Corporation, and Dominion Voting Systems, Inc.*, Adv. Pro. No. 12-1757-HRT (the "Adversary Proceeding"), respectfully submit this limited objection and reservation of rights in response to the motion by Tom H. Connolly, as Chapter 7 Trustee (the "SVS Trustee") for SVS Holdings, Inc. ("SVS"), for authorization to file a voluntary Chapter 11 bankruptcy petition for Sequoia Voting Systems, Inc. ("Sequoia"), the wholly-owned subsidiary of SVS (the "Motion").

Dominion does not object to the narrow relief requested by the SVS Trustee in the Motion: authority to file a Chapter 11 bankruptcy petition for Sequoia.[1]  Dominion consistently has argued that the filing of a bankruptcy petition for Sequoia is the only mechanism through which Bankruptcy Code avoidance claims based on Dominion's purchase of Sequoia's assets may be pursued.  Thus, Dominion does not object to the entry of the proposed order submitted with the Motion as Docket No. 186-1 (the "Proposed Order").

---

[1] Dominion takes no position on whether Court authorization is required for the SVS Trustee, who according to the Motion is the sole shareholder and director of Sequoia, to file a voluntary bankruptcy petition for Sequoia.

LITIGATION/4065067.1

But the SVS Trustee makes a number of statements in the Motion that are extraneous to the narrow relief sought and that Dominion submits are wrong.  Accordingly, Dominion objects to the Motion to the extent the SVS Trustee is seeking any relief beyond the authority to file a Chapter 11 petition for Sequoia, and to all statements and characterizations that the SVS Trustee makes in that regard.  Dominion also reserves its rights (including rights to notice, discovery, and an evidentiary hearing) concerning any proposed substantive consolidation of SVS with Sequoia, the effective date of any substantive consolidation (if allowed), any effects of a Sequoia bankruptcy or substantive consolidation on any claims against Dominion, and otherwise.

## BACKGROUND

Given its recent ruling on Dominion's motion to dismiss the Adversary Proceeding (the "Dominion Motion to Dismiss"), the Court is already familiar with much of the factual background relevant to the Motion.  Nevertheless, Dominion believes that the following summary would help to put the relief requested in the SVS Trustee's Motion, and the potential consequences of that relief, in context:

1. On June 8, 2010, more than three and a half years ago, SVS filed a Chapter 11 petition with the Court.  Although no legal obstacles existed to Sequoia's filing a bankruptcy petition or to its eligibility to be a debtor, Sequoia never filed for bankruptcy.  Nor did Smartmatic USA Corporation ("Smartmatic"), Sequoia's largest alleged creditor (other than SVS), file an involuntary bankruptcy petition against Sequoia.  Smartmatic failed to file an involuntary petition for Sequoia despite obtaining authority from this Court, within weeks after SVS's bankruptcy petition, to conduct document discovery and Fed. R. Bankr. P. 2004

2

examinations of Dominion about Dominion's two asset purchases from Sequoia that Smartmatic is currently seeking to avoid in a separate action against Dominion.

2. In October 2012, the Court converted SVS's case to one under Chapter 7 and appointed the SVS Trustee. The SVS Trustee, as Sequoia's sole shareholder, had the ability to put Sequoia into bankruptcy, but never sought to do so until approximately 15 months after his appointment. Instead, on December 7, 2012, the SVS Trustee commenced the Adversary Proceeding against Dominion, seeking to draw Sequoia, a non-debtor, into bankruptcy indirectly through a claim for substantive consolidation with SVS. The Trustee also sought, on behalf of SVS's creditors (principally Smartmatic, SVS's largest creditor), to use substantive consolidation as a bootstrapping mechanism to recover (under the Bankruptcy Code and state law) assets Dominion purchased from Sequoia in 2009 and 2010. Smartmatic, which is a major competitor of Dominion in the voting systems industry, is funding the SVS Trustee's litigation efforts against Dominion in the Adversary Proceeding.

3. On June 19, 2013, Dominion moved to dismiss the Adversary Proceeding.[2] Dominion's primary argument for dismissal was that the substantive consolidation theory, on which the SVS Trustee's fraudulent transfer claims depend, is deficient both legally and factually (and that the fraudulent transfer claims thus must fail as well). After hearing argument, the Court entered an order on November 20, 2013, in which it held, subject to amendment, that the SVS Trustee's complaint "must be dismissed if Sequoia is not named as a party to" the Adversary Proceeding. *See* Order on Motion to Dismiss, Adv. Pro. No. 12-01757-HRT, Docket No. 53

---

[2] The United States District Court for the District of Colorado (the "Colorado District Court") granted a motion (under Civil Action No. 13-cv-00169-REB) by Dominion to withdraw the reference of the Adversary Proceeding and then assigned pre-trial proceedings to this Court.

3

LITIGATION/4065067.1

(Nov. 20, 2013) (the "Order") at 6-7. The Court denied the remainder of the Dominion Motion to Dismiss, primarily on the basis that the SVS Trustee had adequately pleaded his claims.

4. On December 4, 2013, the SVS Trustee filed an amended complaint (the "Amended Complaint") naming Sequoia as a defendant, and Dominion answered the Amended Complaint on December 27, 2013. On January 6, 2014, Sequoia (controlled by the SVS Trustee) filed an answer confessing judgment with respect to the claims against it in the Amended Complaint and asserting crossclaims against Dominion by joining in the SVS Trustee's claims.[3]

5. Smartmatic, the funding source for the Adversary Proceeding, also has a virtually identical case pending against Dominion in the Colorado District Court. On June 28, 2013, apparently in response to Dominion's motion to dismiss the Adversary Proceeding, Smartmatic commenced a separate action against Dominion in New York state court asserting claims nearly identical to the SVS Trustee's claims in the Adversary Proceeding (the "Smartmatic Action"). Dominion removed the Smartmatic Action to the U.S. District Court for the Southern District of New York, which transferred venue of the Smartmatic Action to the Colorado District Court. Smartmatic's motion for abstention and Dominion's motion to dismiss remain pending in the Smartmatic Action. No discovery has taken place in the Smartmatic Action, and no trial date has been set.

6. Smartmatic has conceded that in the event of a Sequoia bankruptcy, Smartmatic's separate suit against Dominion would be subject to the automatic stay of Bankruptcy Code

---

[3] Dominion will respond to the crossclaims within the time provided by Fed. R. Bankr. P. 7012.

4

Section 362.[4]  Smartmatic also concedes that if substantive consolidation of SVS and Sequoia is granted, Smartmatic's claims as a creditor of Sequoia will be moot.[5]

## LIMITED OBJECTION

**1.      Dominion Does Not Object to a Sequoia Bankruptcy Filing.**

The relief requested in the Motion is narrow: entry of the Proposed Order authorizing the SVS Trustee to file a voluntary Chapter 11 petition for relief for Sequoia.  Dominion does not object to entry of the Proposed Order or the SVS Trustee filing a bankruptcy petition for Sequoia, subject to Dominion's objections and reservations of rights herein.

Dominion has long argued that such a filing is the only proper mechanism for creditors or their representatives to pursue Bankruptcy Code avoidance claims concerning the assets Dominion purchased from Sequoia.  From the outset, the SVS Trustee has vehemently argued to the contrary.  Both the SVS Trustee and Smartmatic have asserted claims (including those in the Amended Complaint that the SVS Trustee filed last month) that are inconsistent with a Sequoia Chapter 11 filing and the SVS Trustee's current plan to move for substantive consolidation.  It is perplexing to Dominion that after all of the effort and resources expended to date in the Adversary Proceeding and in the Smartmatic Action on other positions, the SVS Trustee would now shift its approach and seek to place Sequoia in bankruptcy.

---

[4]  *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint or, in the Alternative, to Stay this Action, *Smartmatic USA Corp., Smartmatic Int'l Corp., and Smartmatic Servs. Corp. v. Dominion*, No. 13-CV-05349 (KBF), Docket No. 34 (S.D.N.Y. Sept. 24, 2013) at 10-11 ("If . . . the Bankruptcy Court decides to make Sequoia a debtor in the SVS Bankruptcy Case, then Plaintiffs [Smartmatic] will be subject to the resulting automatic stay.").

[5]  *See* Memorandum of Law in Support of Plaintiffs' Motion to Remand and for Abstention  *Smartmatic USA Corp., Smartmatic Int'l Corp., and Smartmatic Servs. Corp. v. Dominion*, No. 13-CV-05349 (KBF), Docket No. 26 (S.D.N.Y. Aug. 30, 2013) at 22, n.10 (indicating Smartmatic would dismiss the Smartmatic Action if the Court were to grant the substantive consolidation proposed by the SVS Trustee.)

2. **Dominion Objects to the SVS Trustee's Statements and Characterizations in the Motion Regarding the Planned Motion to Substantively Consolidate SVS with Sequoia.**

Although the SVS Trustee expressly states that he is not seeking the remedy of substantive consolidation in the Motion (¶ 17), he makes a number of self-serving and false statements and characterizations regarding the propriety and effect of any future request for substantive consolidation. These statements are irrelevant to the narrow relief sought in the Motion. To minimize any future dispute over whether Dominion preserved its objections, however, Dominion objects below to the SVS Trustee's incorrect statements and characterizations regarding substantive consolidation.

    a. *Substantive consolidation remains improper.*

The SVS Trustee says that he plans to seek substantive consolidation of Sequoia and SVS at a later date. In the Motion, the SVS Trustee appears to treat the substantive consolidation of SVS and Sequoia as a foregone conclusion and seemingly claims that placing Sequoia into bankruptcy would cure all of Dominion's objections regarding whether substantive consolidation of SVS with Sequoia is appropriate. The Trustee is wrong on both points.

First, as described in the briefing on the Dominion Motion to Dismiss, the SVS Trustee cannot satisfy any legal standard for substantive consolidation on the facts of this case. *See* Dominion Motion to Dismiss at 20-29. The SVS Trustee's claims in the Motion regarding the separateness of SVS's and Sequoia's records, and the SVS Trustee's ability to ascertain Sequoia's assets and liabilities and claims against Sequoia (as distinct from SVS) contradict his allegations in the Amended Complaint that the two entities were hopelessly intertwined or that creditors dealt with them interchangeably. *See* Motion ¶ 9; *In re Riviera Drilling and*

6

*Exploration Co.*, No. 10-11902, 2012 WL 6719591, at *9 (Bankr. D. Colo. Dec. 19, 2012).  Not only is the SVS Trustee unable to satisfy the standards for substantive consolidation, he should not be permitted to employ that equitable doctrine in circumstances such as these, where the SVS Trustee (for the primary benefit of Smartmatic) is seeking to evade the statute of limitations established by Section 546 of the Bankruptcy Code, and where it otherwise would be inequitable to do so.  *See* Dominion Motion to Dismiss at 15-18.

Second, Dominion's objections to substantive consolidation are valid and applicable, regardless of whether substantive consolidation is sought as to Sequoia as a debtor or non-debtor.  Dominion will continue to advance these objections in response to any attempt by the SVS Trustee to consolidate SVS with Sequoia in connection with any bankruptcy case.

b.  *Nunc pro tunc consolidation is neither automatic nor appropriate.*

As a matter of law, the SVS Trustee is wrong when he claims in the Motion that "a Sequoia bankruptcy would result in a 2010 petition date for Sequoia, which would resolve any potential statute of limitation problems . . . ."  Motion ¶ 18.  As with any other debtor, the filing of a Chapter 11 petition for Sequoia would result in a petition date that is the date that Sequoia filed its petition.  *See* 11 U.S.C. § 301.  This point should be axiomatic, but it is a significant legal matter here, as the SVS Trustee suggests that the "petition date" for Sequoia *could be different from the date on which Sequoia actually files its petition.*

The SVS Trustee has not yet filed a motion requesting retroactive consolidation of Sequoia with SVS (the only way to try to establish a 2010 petition date for Sequoia).  However, it the SVS Trustee does file a motion making such a request, retroactive consolidation would not

7

be appropriate under the circumstances of this case.[6] *See* Dominion Motion to Dismiss at 30-31; Reply in Further Support of Dominion Motion to Dismiss ("Reply") at 9-10.  In addition, the same equitable considerations that counsel against substantive consolidation generally (including preventing the circumvention Section 546 of the Bankruptcy Code) militate even more strongly against *retroactive* substantive consolidation in this case.  Finally, even if retroactive substantive consolidation were available in this case, it would not cure the defects of the SVS Trustee's claims on the merits.  *See* Dominion Motion to Dismiss at 30-31; Reply at 9-10.

## RESERVATION OF RIGHTS

The relief requested in the Motion and the SVS Trustee's plan to seek substantive consolidation of SVS with Sequoia in either SVS's or Sequoia's bankruptcy case have consequences that would reshape the nature of the Adversary Proceeding and the Smartmatic Action, and Dominion thus reserves its right to object and its right to an evidentiary hearing, if and when the SVS Trustee pursues this strategy:

1.    If and when Sequoia files a Chapter 11 petition, the automatic stay under Section 362 of the Bankruptcy Code will preclude the SVS Trustee from pursuing its state law creditor claims (which are based on alleged claims of SVS against Sequoia) in Counts IV and IX of the Amended Complaint.  *See In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310, 323-24 (S.D.N.Y. 2013) (holding that the Bankruptcy Code's automatic stay deprives individual creditors of standing to bring state law claims to claw back the same transactions that the trustee is targeting with his Bankruptcy Code avoidance powers).  The automatic stay will also halt the

---

[6] Dominion has rejected the application of *nunc pro tunc* substantive consolidation of SVS with Sequoia in its answer and affirmative defenses to the Amended Complaint, would object to such a request in any motion for substantive consolidation, and otherwise reserves all rights with respect to any proposed *nunc pro tunc* substantive consolidation of SVS with Sequoia.

8

LITIGATION/4065067.1

Smartmatic Action, which consists only of creditor claims (based on alleged claims of Smartmatic against Sequoia) under state law. *See id.*

2.  In addition, any attempt by the SVS Trustee to seek substantive consolidation of SVS with Sequoia by motion would effectively moot Count I of the Adversary Proceeding, which seeks that same relief. Any substantive consolidation would also moot Counts IV and IX of the Adversary Proceeding and all counts in the Smartmatic Action because substantive consolidation would result in the pooling of the assets and liabilities of SVS and Sequoia.[7]

3.  Because these effects will upend the pending actions against Dominion, including the Adversary Proceeding in which Dominion has already filed its answer, Dominion reserves its rights to file any further motion to dismiss, amended answer, or other motion or pleading. If substantive consolidation is sought by motion, Dominion must be afforded all of the same substantive and procedural rights to contest such consolidation as would have been afforded Dominion in contesting Count I of the Adversary Proceeding, including without limitation as to discovery and a hearing, and Dominion hereby reserves all such rights. *See* Fed. R. Bankr. P. 9014(c), (d), (e).

4.  A trial on the SVS Trustee's claims in the Adversary Proceeding is currently scheduled for August 4, 2014 in the Colorado District Court. The SVS Trustee states in the Motion that he "anticipates that the current trial date will be continued." Motion ¶ 16. Due to

---

[7] This pooling of assets and liabilities would eliminate the alleged intercompany debt owed by Sequoia to SVS on which the SVS Trustee's state law claims against Dominion in Counts IV and IX are based. *See Union Savings Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co., Ltd.)*, 860 F.2d 515, 518 (2d Cir. 1988) (concluding that substantive consolidation results in "eliminating inter-company claims"); *In re Third Avenue Transit Corp.*, 222 F.2d 466, 469 (2d Cir. 1955) (recognizing the unassailable principle that one "cannot owe himself money."). With respect to the Smartmatic Action, if there were a consolidated SVS/Sequoia estate, the trustee would have exclusive standing to maintain avoidance claims in respect of Sequoia's assets, thus superseding Smartmatic's ability to maintain its state law claims against Dominion. *See Best Mfg., Inc. v. White Plains Coat & Apron Co. (In re Daniele Laundries, Inc.)*, 40 B.R. 404, 408 (Bankr. S.D.N.Y. 1984) (holding that because a trustee's Section 544(b) action is pending, an individual creditor's state court fraudulent transfer action is superseded and the creditor lacks standing to pursue it).

9

the Dominion Motion to Dismiss, the SVS Trustee's recently-filed amended pleadings, and the absence of a discovery and scheduling order, discovery in the Adversary Proceeding has not begun. The SVS Trustee's Motion and the potential disposition of the SVS Trustee's planned substantive consolidation motion would further complicate discovery and other pre-trial proceedings.[8] Dominion reserves its rights to seek a continuance of the August 4, 2014 trial and its rights in respect of any request by the SVS Trustee regarding any such continuance.[9]

5. In addition, and without limiting the specificity of the foregoing reservations, Dominion hereby reserves all of its rights, claims, and defenses in connection with any bankruptcy filing and related bankruptcy case for Sequoia, any attempted substantive consolidation of SVS with Sequoia, the Adversary Proceeding, the Smartmatic Action, and otherwise.

## CONCLUSION

Dominion does not object to entry of the Proposed Order granting the SVS Trustee authority to file a voluntary Chapter 11 petition for relief for Sequoia. For the reasons set forth above, Dominion raises the limited objections and reservations of rights set forth herein regarding the Motion and any further actions of the SVS Trustee in connection therewith.

---

[8] Any motion for substantive consolidation of SVS with Sequoia would need to be adjudicated before any trial in the Colorado District Court on fraudulent conveyance claims.

[9] The SVS Trustee also notes in the Motion that "it is possible that the Adversary Proceeding and the Smartmatic Action will be consolidated and that the Trustee will seek to have Smartmatic proceed with the claims against Dominion for the benefit of SVS and Sequoia." Motion ¶ 16. Dominion reserves its rights in respect of any such consolidation or attempt to have Smartmatic proceed with claims against Dominion in the Adversary Proceeding or otherwise. As stated above, if the Motion is granted and Sequoia files a bankruptcy petition, Smartmatic would have no legal basis for asserting avoidance claims against Dominion in any case under any theory.

10

Dated this 13th day of January, 2014.

        SHERMAN & HOWARD L.L.C.

        s/ David B. Wilson
        David B. Wilson
        Eric E. Johnson
        633 Seventeenth Street, Suite 3000
        Denver, Colorado  80202
        Telephone:  (303) 297-2900
        Facsimile:  (303) 298-0940
        Email: dwilson@shermanhoward.com
        Email: ejohnson@shermanhoward.com

        - and -

        WILMER CUTLER PICKERING HALE AND DORR LLP
        Richard A. Johnston
        60 State Street
        Boston, MA 02109
        Tel:  617-526-6282
        Email: Richard.Johnston@wilmerhale.com

        Attorneys for DOMINION VOTING SYSTEMS CORPORATION and DOMINION VOTING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on this 13th day of January, 2014, a true and correct copy of the foregoing **LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DOMINION VOTING SYSTEMS CORPORATION AND DOMINION VOTING SYSTEMS, INC. TO THE TRUSTEE'S MOTION FOR AUTHORIZATION TO FILE CHAPTER 11 BANKRUPTCY PETITION FOR NON-DEBTOR SUBSIDIARY** was filed using the CM/ECF and served by U.S. mail, postage prepaid, as follows:

Daniel J. Garfield
Foster Graham Milstein & Calisher, LLP
360 S. Garfield St., 6th Fl.
Denver, CO 80209

Brent R. Cohen
Chad S. Caby
Kristin M. Bronson
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202-5885

              s/ Roberta Neal
              Name:  Roberta Neal

12