# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>SVS HOLDINGS, INC.<br><br>Debtor. | Case No. 10-24238-HRT<br>Chapter 7 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DOMINION VOTING SYSTEMS CORPORATION AND DOMINION VOTING SYSTEMS, INC., TO THE TRUSTEE'S MOTION FOR JOINT ADMINISTRATION

Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. (collectively, "Dominion"), defendants in *Connolly, as Trustee v. Sequoia Voting Systems, Inc., Dominion Voting Systems Corporation, and Dominion Voting Systems, Inc.*, Adv. Pro. No. 12-1757-HRT (the "Adversary Proceeding"), respectfully submit this limited objection and reservation of rights in response to the motion by Tom H. Connolly, as Chapter 7 Trustee (the "SVS Trustee") for SVS Holdings, Inc. ("SVS"), for an order authorizing and directing joint administration of the Chapter 7 case of SVS and the Chapter 11 case of Sequoia Voting Systems, Inc. ("Sequoia"), pursuant to Fed. R. Bankr. P. 1015(b) (the "Motion").

1.  Dominion does not object to the purely procedural relief requested by the SVS Trustee in the Motion: joint administration of SVS's and Sequoia's bankruptcy cases pursuant to Fed. R. Bankr. P. 1015(b), or to the entry of the proposed order submitted with the Motion as Docket No. 193-1 (the "Proposed Order"). [1] However, the SVS Trustee makes statements in the Motion that are superfluous to joint administration, and bear instead on the apparently forthcoming motion seeking substantive consolidation of the SVS and Sequoia bankruptcy estates—something to which Dominion has objected and will continue to object. Therefore,

---

[1] Although Dominion does not object to joint administration, Dominion notes that the efficiencies of seeking joint administration here, where one case is a Chapter 7 case and the other case is a Chapter 11 case, and where the debtor in possession in the Chapter 11 case has stated that it will seek substantive consolidation in the near future, may not be as great as those found in other cases.

LITIGATION/4087778.2

Dominion objects to the Motion to the extent any such statements would be considered or accepted by the Court, and reserves all rights with respect to the issue of substantive consolidation.

2. Federal Rule of Bankruptcy Procedure 1015(b) permits joint administration of two or more bankruptcy cases pending in the same court by or against "a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). The SVS Trustee states in paragraph 2 of the Motion (and Dominion does not contest) that Sequoia is the wholly-owned subsidiary of SVS. Thus, as the SVS Trustee states in paragraph 9 of the Motion, SVS and Sequoia are "affiliates" within the meaning of the Rule, and the Court may order joint administration, a wholly procedural mechanism, on that basis alone. *See* 11 U.S.C. § 101(2).

3. Nevertheless, the SVS Trustee makes a number of additional assertions in the Motion that are unnecessary to the relief requested. For example, the SVS Trustee states: (1) "SVS never conducted any business of its own. Its only function was as a holding company for Sequoia," ¶ 5, and (2) "the two entities have many of the same creditors," ¶ 10. These statements (and others) are unsubstantiated and unproven, and are the types of factual assertions that Dominion expects will be tested in connection with any attempt to substantively consolidate SVS and Sequoia. Dominion objects to the Court's consideration or acceptance of these statements in connection with the Motion, and requests that the Court limit its consideration to only those facts necessary to support the purely procedural relief of joint administration that is requested in the Motion—that SVS and Sequoia are "affiliates" and that joint administration would provide some level of procedural efficiency to the administration of the SVS and Sequoia bankruptcy cases. Alternatively, to the extent that the Court decides to consider any other issues, Dominion requests an evidentiary hearing prior to the granting of any relief.

4. In any event, Dominion has opposed substantive consolidation of SVS with Sequoia in the Adversary Proceeding and intends to oppose substantive consolidation in SVS's and Sequoia's bankruptcy cases (whether jointly administered or not). Dominion reserves its rights (including rights to notice, discovery, and an evidentiary hearing) concerning any proposed substantive consolidation, the effective date of any proposed substantive consolidation (if allowed), and any effects of substantive consolidation on any claims alleged against Dominion. In addition, and without limiting the specificity of the foregoing reservations, Dominion reserves all of its rights, claims, and defenses in connection with SVS's and Sequoia's bankruptcy cases, the Adversary Proceeding, the action brought against Dominion by Smartmatic USA Corporation and its affiliates, and otherwise.

Dated this 18th day of February, 2014.

SHERMAN & HOWARD L.L.C.

s/ Eric E. Johnson
David B. Wilson
Eric E. Johnson
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940
Email: dwilson@shermanhoward.com
Email: ejohnson@shermanhoward.com

- and -

WILMER CUTLER PICKERING HALE
AND DORR LLP
Richard A. Johnston
60 State Street
Boston, MA 02109
Tel:  617-526-6282
Email: Richard.Johnston@wilmerhale.com

Attorneys for DOMINION VOTING
SYSTEMS CORPORATION and
DOMINION VOTING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 18th day of February, 2014, a true and correct copy of the foregoing **LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DOMINION VOTING SYSTEMS CORPORATION AND DOMINION VOTING SYSTEMS, INC. TO THE TRUSTEE'S MOTION FOR JOINT ADMINISTRATION** was filed using the CM/ECF and served by U.S. mail, postage prepaid, as follows:

Daniel J. Garfield
Foster Graham Milstein & Calisher, LLP
360 S. Garfield St., 6th Floor
Denver, CO 80209

Brent R. Cohen
Chad S. Caby
Kristin M. Bronson
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202-5885

US Trustee
999 18th Street, Suite 1551
Denver, CO 80202

                                                  s/ Roberta Neal