**UNITED STATED BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 10-24238 HRT |
| SVS Holdings, Inc. | ) Chapter 7 |
| | ) |
| and | ) |
| | ) Case No. 14-11360 HRT |
| Sequoia Voting Systems, Inc. | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered Under Case No. |
| | ) 10-24238 HRT |

**ORDER GRANTING MOTION FOR JOINT ADMINISTRATION**

THIS MATTER comes before the Court on the Motion for Joint Administration (the "Motion") filed on February 17, 2014, by Tom H. Connolly (the "Trustee"), Chapter 7 trustee for the bankruptcy estate of SVS Holdings, Inc. (Docket #193), seeking to jointly administer the above-captioned cases pursuant to Fed. R. Bankr. P. 1015(b), and the Limited Objection and Reservation of Rights of Dominion Voting Systems Corporation and Dominion Voting Systems, Inc., to the Motion filed on February 18, 2014 (Docket #194). The Court finds certain recitals in the Motion to which the Objection refers are not necessary for entry of this Order, and a hearing on this matter would not be of assistance to the Court.

IT IS ORDERED that the Motion for Joint Administration is hereby GRANTED and the above-captioned case shall be **jointly administered for procedural purposes only** pursuant to Fed. R. Bankr. P. 1015(b).

IT IS FURTHER ORDERED that to effect joint administration, the following administrative procedures apply, but shall have **no effect upon the substantive issues of the estates,** either individually or collectively:

1. All motions, pleadings, and other documents filed in the jointly administered case shall bear a combined caption which includes the full name and number of each specific case as in Official Bankruptcy Form 16A, and must be filed, docketed and processed in the lead case, except for the following:

    a. A motion which applies to less than all jointly administered debtors must clearly indicate in the caption and title to which debtor(s) the motion applies, but must still be filed in the lead case.

    b. All proofs of claim must be filed in the specific case to which they apply;

    c. Monthly financial reports must be filed in the specific case to which they apply; and

    d. Amendments to schedules, statements, lists, and other required documents in Fed. R. Bankr. P. 1002 and 1007 must be filed in the specific case to which the amendments apply.

  2. The Trustee and Debtor Sequoia Voting Systems, Inc. shall maintain adequate records regarding the assets of the respective estates in order to protect the rights of joint creditors and separate creditors of these estates.

  3. The Clerk of the Court (or other designated party) shall provide notice of the joint administration of the above-captioned cases to all creditors and interested parties identified in each case.

  Dated this 25th day of February, 2014.

           BY THE COURT:

           Howard R. Tallman, Chief Judge
           United States Bankruptcy Court